A90A2187. STATE PERSONNEL BOARD et al. v. MORTON.
(403 SE2d 455)

COOPER, Judge.

This is an appeal from the superior court's reversal and remand of a decision of the State Personnel Board.

At the inception of this litigation, appellee was an employee of the Georgia Department of Public Safety (the "Department"), was classified as a Trooper First Class and was assigned to the Safety Education Unit of the Department. In July 1987, appellee filed a grievance with his supervisor, alleging seven grounds on which the Department had violated Department policy and Georgia Merit System rules and regulations, thereby resulting in harm to appellee and others. In August 1987, the Department determined that three of appellee's grievances were "grievable," appointed a hearing officer external to the Department to hear the claims and the three grievances proceeded to a hearing in September 1987. The grievances that were referred to hearing alleged essentially that appellee's promotional opportunities within the Department had been adversely affected due to the lack of a rank structure or promotion structure within the Safety Education Unit of the Department, the lack of up-to-date job descriptions within the Specialist Divisions and the existence of a promotion system based on personal favoritism, cronyism and arbitrary decision-making, all in violation of the rules and regulations of the Georgia Merit System. As relief, appellee requested that the current conduct within the Department cease, that a consistent promotion structure be instituted, that an audit of positions and job descriptions be performed, that appellee be compensated and promoted to the rank of lieutenant and that appellee receive back pay. The grievance hearing officer, Ron Ulm ("Ulm"), issued a report containing findings of fact, conclusions of law and recommendations. Ulm specified in detail many violations of State Personnel Board rules existing within the

classification and allocation system of the Department and found that the Department had taken only "limited steps" to correct the problems. Ulm determined that "while [appellee] is classified at the level recommended by the Merit System for his duties and responsibilities, fifty percent (50%) of the other employees performing identical duties (in 1986, 14 out of 27) hold rank, and are presumably compensated, at a level often significantly above that of the grievant" and "the actions of the Department of Public Safety have negatively impacted both the salary of the grievant (to the extent that he is compensated less than others performing the same work) and his promotional opportunities." In his recommendations, Ulm reiterated the proliferation of violations within the Department and the adverse impact these violations had on appellee's promotional and salary opportunities. Nevertheless, Ulm denied appellee individual relief and stated "[t]he grievant would suggest that the simplest solution would be to raise he and others performing the same work to a rank and/or compensation equivalent to the highest rank of a person with the same duties (i.e., Lieutenant). However, this obviously would be neither consistent with the overall Merit System compensation plan, nor an effective use of tax dollars." After making several recommendations to correct the departmental problems, Ulm stated "[i]n the short term the above will not significantly enhance the grievant's promotional opportunities, but it attempts to strike a balance of minimizing demotions, while achieving equitable compensation in a reasonable period of time." In October 1987, in response to Ulm's report, the Safety Education Unit was directed by the Commissioner of the Department to implement certain of Ulm's recommendations but concurred with Ulm on the treatment of appellee's requests for individual relief. Appellee then appealed the Department's decision to the Chief Hearing Officer of the State Personnel Board, George Bailey ("Bailey"). Bailey determined that the State Personnel Board does not consider allegations of improper position classification through the appeal process. Further, Bailey held that appellee's allegations of an unfair promotions system lacked the requisite specificity for a hearing before the State Personnel Board and concluded that "decisions on the classification of a position, including decisions to allow employees to retain their rank while performing duties of a lower class, will not be reviewed through the appeal process and claims of rule violations in promotions must be specific. For these reasons, I find no basis for action on this appeal by the State Personnel Board." Appellee then appealed Bailey's decision to the full State Personnel Board, arguing that the issue in the case was not simply the job classification of appellee but was rather the damage to appellee's career as a result of the violations by the Department of the rules and regulations of the State Personnel Board. Appellee requested a full hear-

ing before the entire Board. The Board denied appellee's appeal and stated that it would adopt the findings and conclusions of Bailey's decision. In August 1988, appellee petitioned the superior court for judicial review and requested a remand to the Board for a full hearing on the merits of his claims. The superior court reversed the Board's decision and remanded the case to the Board for a hearing on the merits. We then granted appellant's application for a discretionary appeal.

1. Appellant first contends that the superior court erred in remanding the case for a hearing because such a decision interfered with the Board's authority to promulgate and interpret its own rules and regulations. Appellant argues that the Board rendered a proper and authorized interpretation of its rules when it determined that it had no jurisdiction to consider appellee's claims since the claims involved issues of job classification. An internal memo of the Board reveals that with regard to claims that raise only issues of improper job classifications, the Board interprets its rules as granting a right of redress of such claims to the department involved, not to an individual employee. Further, in Bailey's decision, Bailey stated that any allegations of improper position classification are handled by the Classification and Compensation Division of the State Merit System, not by the Board.

The standard of judicial review of a decision of the State Personnel Board is set forth in OCGA § 45-20-9 (m). Although the court cannot substitute its judgment on questions of fact, the court may reverse the Board's decision if substantial rights of the petitioner have been prejudiced because the Board's findings, inferences, conclusions, decisions, or orders fall within any of the categories set forth therein. The superior court found that the Board's decision fell within several of the categories and stated that such decision "[was] in violation of constitutional and statutory provisions; [was] clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, [was] arbitrary, capricious and characterized by abuse of discretion in failing and refusing to exercise its powers, by abdicating its discretionary powers and by denying its ability to consider matters within its express powers, [and] that it denied an evidentiary hearing before the Board or a hearing officer designated to hear factual issues addressed to the Board and only within the Board's exclusive jurisdiction to hear." We agree with the trial court. The Board took a very restrictive view of this case which resulted in its mischaracterization of the issues raised. Contrary to the Board's decision, appellee's claims are not grounded solely in a misclassification argument but are grounded on claims of a denial of personal promotional and salary opportunities because of pervasive violations of statutory and regulatory provisions. Appellee requested not only a correction in

the departmental system of job classification but personal redress for the harms he allegedly suffered as a result of these violations. Consequently, as the superior court held, reclassification of all positions will not give appellee the future promotional opportunity he has been denied due to the practices documented in the Ulm decision, such as failure to reduce rank upon transfer from a field unit and "red flag freezing" improperly allocated positions in lieu of downgrading them to the proper level. The Board has the jurisdiction to determine the harm done to appellee and to grant relief and compensation for such harm. A determination of the proper remedy to appellee personally is within the Board's jurisdiction pursuant to OCGA § 45-20-9 (a) and Par. 14.212 and Par. 14.106 of the Rules of the State Personnel Board, which grant the right of appeal and a hearing before the Board to a person who feels that his or her rights have been adversely affected by a violation of the rules and regulations of the Board or of the statutes governing the State Merit System. Par. 4.701 and Par. 4.702 of the Rules of the State Personnel Board establish the Board's policy of creating fair job classification and allocation systems and of insuring that similar positions that merit equal pay shall be allocated to the same class. Appellee's contention that he was personally harmed and requires personal redress for violations of these rules and policies was within the jurisdiction of the Board to hear. We further agree with the superior court that the Board arbitrarily and capriciously denied appellee an evidentiary hearing on his claims that he was harmed due to the personal favoritism, cronyism and arbitrary decision-making within the Department. OCGA § 45-20-1 and Par. 3.901 of the Rules of the State Personnel Board prohibit movement within the Merit System job classification system due to political influences, affiliations or other discriminatory bases. Thus, appellee's claims should be heard by the Board. The record of this case, which we are entitled to consider in its entirety, indicated pervasive violations of the rules, regulations and statutes governing the Board. Therefore, as held by the superior court, a denial of a hearing on these claims is an abdication of the Board's discretion and is contrary to law, arbitrary and capricious.

2. As to appellant's second enumeration of error that the court erred in making determinations other than the question of jurisdiction of the Board, our review and the superior court's review was authorized to encompass the entire record before us. OCGA § 45-20-9 (m). The superior court did not go beyond the record in any of the determinations set forth in its order, and we find no merit in the second enumeration.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 5, 1991.

Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan L. Rutherford, C. Latain Kell, Assistant Attorneys General, for appellants.

Troutman, Sanders, Lockerman & Ashmore, Steven J. Whitehead, Alan E. Lubel, for appellee.