SHADY ACRES NURSING HOME, INC., APPELLANT, *v.* BOARD OF BUILDING APPEALS, APPELLEE.

[Cite as Shady Acres Nursing Home, Inc., v. Board (1976), 50 Ohio App. 2d 391.]

(No. 6-052—Decided December 31, 1976.)

*Mr. Rankin M. Gibson,* for appellant.
*Mr. Rodney B. Teague,* for appellee.

DAHLING, J.  This cause is in this court on appeal from a judgment of the Court of Common Pleas of Lake County, affirming an order of the Board of Building Appeals, which affirmed the adjudication order issued by the Department of Industrial Relations.  The appellant filed a motion for a new trial on the ground of newly discovered evidence material to the issues in this case.  The trial court overruled the motion on the basis that the Rules of Civil Procedure do not apply to an appeal under R. C. 119.12 and that the Court of Common Pleas has no authority to grant an additional hearing.

The appellant has presented assignments of error which may have merit, but the initial issue is whether the time for filing a notice of appeal can be extended by the filing of a motion for a new trial.  Appellee has before this court a motion to dismiss founded on the contention that the trial court has no jurisdiction to consider a motion for a new trial and as a consequence the appellant did not com-

ply with the time limitation for filing a notice of appeal in Appellate Rule 4(A). Appellant argues that R. C. 2505.07(A) provides that when a motion for a new trial is filed by either party within the time provided by R. C. 2321.19 (superseded by Civil Rule 59), then the time for perfecting the appeal does not begin to run until the filing of the entry overruling or sustaining the motion for a new trial.

In our opinion, the Court of Common Pleas does not have jurisdiction to grant a new trial from a judgment of an administrative appeal under R. C. 119.12. This section provides, in part:

"The judgment of the court shall be final and conclusive, unless reversed, vacated or modified upon appeal."

Section 4(B), Article IV of the Ohio Constitution provides that in the handling of administrative appeals, the Court of Common Pleas is a court of limited, not general jurisdiction:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

Since R. C. 119.12 and R. C. 3781.031 do not provide for a new trial after judgment, the Court of Common Pleas cannot assume jurisdiction to grant a new trial.

In the instant case, the appeal to the Court of Appeals was filed 67 days after the final judgment of the Court of Common Pleas affirming the order of the Board of Building Appeals. Appellate Rule 4(A) provides that the notice of appeal shall be filed within 30 days. For these reasons, this court finds that the notice of appeal was not timely filed and the motion to dismiss is granted.

*Motion to dismiss granted.*

HOFSTETTER, P. J., and COOK, J., concur.