OHIO STATE MEDICAL BOARD, APPELLEE, *v.* PLA, APPELLANT.

(No. 53248 — Decided January 4, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Christopher J. Costantini,* for appellee.

*Barragate & Barragate* and *Michael I. Greenwald,* for appellant.

NAHRA, C.J. Ramon Pla, appellant, is appealing the judgment of the common pleas court which affirmed the decision of the Ohio State Medical Board revoking his license to practice medicine and surgery. Prior to the filing of the appellate briefs in this matter, appellee, the medical board, moved to dismiss appellant's appeal to this court as untimely. For the following reasons, this court grants appellee's motion to dismiss and consequently is without jurisdiction to decide the merits of appellant's appeal.

On November 7, 1986, the common pleas court entered its judgment in favor of appellee. Appellant moved for a new trial on November 18, 1986. The court denied appellant's motion on December 18, and appellant filed his appeal on January 16, 1987.

Appellee moved to dismiss the appeal on April 22, 1987, contending that appellant's motion for a new trial did not toll the time for filing a notice of appeal since Civ. R. 59 is inapplicable to administrative appeals according to *Shady Acres Nursing Home, Inc.* v. *Bd. of Bldg. Appeals* (1976), 50 Ohio App. 2d 391, 4 O.O. 3d 393, 364 N.E. 2d 44. Appellee urges this court to adopt the view of the Lake County appellate court in *Shady Acres.* In response, appellant urges that R.C. 119.12 was amended three years after *Shady Acres* and that R.C. 119.12 permits the common pleas court to proceed as in the trial of a civil action so that the Civil Rules would apply, including Civ. R. 59.

In *Shady Acres,* the court concluded that "[s]ince R.C. 119.12 * * * do[es] not provide for a new trial after judgment, the Court of Common Pleas

cannot assume jurisdiction to grant a new trial." 50 Ohio App. 2d at 392, 4 O.O. 3d at 394, 364 N.E. 2d at 45. We agree. On appeal from a decision of an administrative agency, the common pleas court "may affirm * * *, reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *" R.C. 119.12; see, *e.g., Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App. 3d 324, 515 N.E. 2d 992 (common pleas court may remand case to administrative body for reconciliation of agency's order with judgment of court). This identical language, as well as the substance of the portions of R.C. 119.12 referred to by appellant regarding the nature of the hearing before the common pleas court, was in effect at the time *Shady Acres* was decided. Nothing in the code has changed since *Shady Acres* which would permit the common pleas court to grant a trial *de novo* in its review. In fact, the court is limited by statute in its review to the record as certified by the agency plus any newly discovered evidence which the court, in its discretion, allows. R.C 119.12. There is no provision for the court to conduct a new trial of the evidence already submitted and heard by the agency. A motion for a new trial filed in the common pleas court in an appeal from an administrative agency is a nullity and does not extend the time to file a notice of appeal in this court. Since appellant's notice of appeal was filed beyond the thirty-day time period provided in App. R. 4(A), it was not timely filed. Appellee's motion to dismiss is therefore granted.

*Judgment accordingly.*

MATIA and DYKE, JJ., concur.