GIOVANETTI, Appellant,

v.

OHIO STATE DENTAL BOARD, Appellee.

[Cite as *Giovanetti v. Ohio State Dental Bd.* (1990), 66 Ohio App.3d 381.]

Court of Appeals of Ohio,
Trumbull County.

No. 4028.

Decided April 2, 1990.

**382**

*Anthony G. Rossi,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Michele Morris,* Assistant Attorney General, for appellee.

———

JOSEPH E. MAHONEY, Judge.

Following an administrative hearing, the appellee, Ohio State Dental Board, issued an adjudication order on March 10, 1986, suspending the dental license of the appellant, James T. Giovanetti, D.D.S., for a period of four years. Appellant filed a notice of appeal pursuant to R.C. 119.12 with the Trumbull County Common Pleas Court on March 19, 1986. Based on the transcript of the proceedings of the administrative hearing, the trial court affirmed the order of the dental board on November 12, 1987.

Thereafter, on November 18, 1987, the appellant filed a motion for relief from judgment with the trial court, claiming he was denied his right to notice, as well as his right to file a written brief and/or have oral arguments. The trial court overruled appellant's motion on January 11, 1988.

Appellant filed a notice of appeal with this court on February 3, 1988, appealing both the November 12, 1987 judgment of the trial court in addition to the January 11, 1988 judgment overruling appellant's motion for relief from judgment.

On March 3, 1988, appellee filed a motion to dismiss the instant appeal on the basis that the appeal was not timely filed. This court granted appellee's motion in part, thereby dismissing appellant's appeal from the common pleas court's order entered November 12, 1987, but denied appellee's motion as to the common pleas court's order dated January 11, 1988.

Appellant raises the following assignments of error:

"1. The trial court erred in not setting a date for hearing of the appeal.

"2. The facts and circumstances of this action are of such a nature that justice and fairness requires [*sic*] relief under Civil Rule 60(B) of the Ohio Rules of Civil Procedure."

The first issue that must be addressed is whether this court has jurisdiction to decide the instant appeal. It is appellee's position that appellant's notice of appeal was untimely filed because Civ.R. 60(B) has no applicability in an administrative appeal. Since appellant's notice of appeal was filed almost three months after the trial court's original judgment, if it is determined that the Civ.R. 60(B) motion was a nullity, then clearly appellant's notice of appeal was filed late, and this court does not have subject matter jurisdiction to hear the present appeal.

R.C. 119.12, which sets forth the procedure for administrative appeals, provides, in part:

" * * * The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. * * * "

Based on this portion of the statute, this court has held that the common pleas court does not have jurisdiction to grant a new trial pursuant to Civ.R. 59 from a judgment of an administrative appeal. *Shady Acres Nursing Home, Inc. v. Board* (1976), 50 Ohio App.2d 391, 4 O.O.3d 393, 364 N.E.2d 44. The Court of Appeals for Cuyahoga County adopted the same approach in *Ohio State Medical Bd. v. Pla* (1988), 42 Ohio App.3d 239, 538 N.E.2d 125, wherein the court held:

"A motion for a new trial filed in the common pleas court in an appeal from an administrative agency is a nullity and does not extend the time to file a notice of appeal in [the court of appeals]. * * * " *Id.* at 240, 538 N.E.2d at 126.

■ There is little case law, however, that addresses the issue of whether a motion for relief from judgment is applicable to an administrative appeal. The Franklin County Court of Appeals has suggested that Civ.R. 59 and Civ.R. 60(B) do not apply to administrative appeals that only involve questions of law. However, when questions of law *and* fact must be decided by the common pleas court, such as when an appeal requires a trial *de novo*, then there is no reason not to apply the Civil Rules. *Neff v. Westerville* (Mar. 4, 1986), Franklin App. Nos. 85AP–289, 85AP–512 and 85AP–605, unreported, 1986 WL 2928. See, also, *Quick v. Wolfe* (Aug. 20, 1981), Franklin App. No. 81AP–561, unreported, 1981 WL 3422. In an appeal taken pursuant to R.C. 119.12, the trial court is confined to the record of the proceedings below.

■ Based on the reasoning in the aforementioned cases, it is our opinion that Civ.R. 60(B) is inapplicable to the administrative appeal in the present case. It is clear, therefore, that appellant's motion for relief from judgment was a nullity that did not stay the time for filing a notice of appeal. Since the time was not stayed, appellant's notice of appeal was filed late, and we are without jurisdiction to hear the appeal.

The trial court's judgment is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., concur.