WICKLIFFE FIREFIGHTERS ASSOCIATION, LOCAL
1536 OF THE INTERNATIONAL ASSOCIATION
OF FIREFIGHTERS, Appellant,

v.

CITY OF WICKLIFFE et al., Appellees.

[Cite as *Wickliffe Firefighters Assn., Local 1536
v. Wickliffe* (1990), 66 Ohio App.3d 681.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–13–005.

Decided June 4, 1990.

*Thomas M. Hanculak,* for appellant.

*Cicconetti, Demeter & Farrell* and *James K. Farrell, Jr.,* for appellees.

FORD, Judge.

On June 22, 1987, appellee, the city of Wickliffe, enacted Ordinance No. 1987–28, which abolished the position of assistant fire chief. This action, which was ostensibly taken to make more effective use of the fire department's manpower, was equivalent to action taken by appellee's police department some years earlier.

Prior to the passage of the ordinance, the Wickliffe Fire Department consisted of a fire chief, an assistant fire chief, a captain, three lieutenants, and a number of fire fighters. The captain performed the duties of a shift lieutenant, which meant that he worked the traditional twenty-four hours on, followed by forty-eight hours off (24/48), schedule for fire fighters. Also, as a designated shift officer, the captain was considered to be a member of appellant, the Wickliffe Firefighters Association, Local 1536 of the International Association of Firefighters. The captain was in charge of discipline for

his scheduled shift and was also in charge of building maintenance schedules, supervision of the shift lieutenants, coordination of training drills for his shift, of supervision of emergency medical training, and of answering emergency calls.

Under the terms of Ordinance No. 1987–28, appellee abrogated the office of the assistant fire chief. The fire captain, a Captain Slattery, assumed most of the duties originally performed by the assistant fire chief. The record indicates that Captain Slattery also handled the majority of his original duties. Additionally, Slattery was removed from the position as shift lieutenant and placed in charge of disciplining and training all three shifts. In order to more effectively work with all three shifts, Captain Slattery was transferred from the 24/48 schedule to a forty-hour week. The removal of Slattery from the position of shift officer meant that he could no longer be represented by appellant which only represented fire fighters and shift lieutenants. Instead, Slattery negotiated his own contract with appellee, resulting in a raise of about $1,300. (Appellees, nonetheless, saved approximately $5,000 in this job consolidation.)

Appellant, on July 24, 1987, petitioned the Civil Service Commission of appellee to hold a promotional examination for the captain's position, claiming that the changes in salary and duties resulted in *de facto* promotion for the person who assumed the post. This petition was denied on November 13, 1987. Subsequently, appellant appealed to the Lake County Court of Common Pleas, pursuant to R.C. Chapter 2506. Appellant also filed a declaratory judgment seeking a declaration that Wickliffe Ordinance No. 1987–37 was illegal and unconstitutional.

On February 24, 1988, appellees filed a copy of Wickliffe Ordinance Nos. 1987–12, 1987–28, and 1987–37, as well as a copy of the opinion letter from the Wickliffe Civil Service Commission, with the Lake County Court of Common Pleas. This filing was styled the "transcript" of the civil service commission proceedings and was filed pursuant to R.C. 2506.02. The record does not indicate that any other "transcript" of the Wickliffe Civil Service Commission proceedings was ever transmitted to the trial court.

Appellant's administrative appeal/declaratory judgment action was heard by the trial court on October 7, 1988. A close reading of the trial transcript indicates that the trial court made no findings that the transcript was inadequate, under R.C. 2506.03 *et seq.*, which would have permitted the trial court to go beyond the parameters of the transcript and allow for introduction of new evidence. Instead, the trial court appears to have simply commenced a trial *de novo* on the question of whether appellee was required to give a competitive civil service examination to fill the post of captain. Additionally,

it is apparent that the trial court did not consider the illegality or constitutionality of Wickliffe Ordinance No. 1987–37.

The trial court issued its opinion and judgment entry on December 9, 1988. This opinion incorporates an extensive recounting of the facts of the case and the applicable law. The trial court noted:

"Appellant further claims reversal is warranted because the Wickliffe Civil Service Commission rendered its decision without sufficient consideration of all relevant evidence. This argument is without merit because this Court conducted a full de-novo [*sic*] trial in which appellant had full opportunity to discover and introduce any evidence to bolster its position. Therefore, any error committed below was cured by the subsequent hearing."

Consequently, the trial court affirmed the decision of the Wickliffe Civil Service Commission. The court also dismissed the appellant's declaratory judgment action, apparently without comment and without reaching any resolution as to the issue of the illegality or unconstitutionality of the ordinance.

Appellant thereafter timely appealed the decision of the trial court, and raised the following assignment of error:

"The trial court erred in affirming the decision of the Wickliffe Civil Service Commission denying plaintiffs' [*sic*] request for a promotional examination."

Close examination of the trial court's judgment in this case reveals that beneath the placid surface of the trial court's judgment entry lies a judicial tangle of Kafkaesque proportions. It therefore behooves this court to undertake a review of proper procedure with regard to both R.C. Chapter 2506 appeals and declaratory judgment actions in order to provide a guide through the lower court proceedings.

The administrative appeal commenced by appellant in the trial court was taken under the auspices of R.C. Chapter 2506. The record indicates that appellant timely and correctly filed its notice of appeal with the trial court in this case, pursuant to R.C. 2506.01. Within forty days of this filing of the notice of appeal, the body from whom the appeal was taken (in this case, the Wickliffe Civil Service Commission) was required to transmit a complete transcript of "all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from." R.C. 2506.02.

The necessity for a correct filing of an R.C. 2506.02 transcript is seen in R.C. 2506.03, which provides the rules for the hearing of administrative appeals: "The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to

section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant * * * " that any of a number of circumstances existed which circumscribed the trial court's ability to fully consider all relevant evidence.

■ As noted, examination of the trial court record in this case indicates that the only "transcript" that was submitted, allegedly pursuant to R.C. 2506.02, to the trial court consisted of three copies of ordinances and the decision letter of the Wickliffe Civil Service Commission. Moreover, this transmission was made, not by the Wickliffe Civil Service Commission, but by the appellee.

R.C. 2506.02 is silent as to whose responsibility it is to request that a transcript be prepared by the administrative agency, requiring only that the transcript be obtained "upon the filing of a praecipe." R.C. 2506.02. This court, however, has stated that the duty to file the requisite praecipe rests with the appellant. *Rodzen v. Warren City Health Dept.* (Mar. 20, 1987), Trumbull App. No. 3633, unreported, at 4, 1987 WL 8230. As *Rodzen, supra,* notes, failure of the appellant to comply with R.C. 2506.02 provides grounds for the trial court to properly deny his or her appeal.

"Where no transcript has been filed as provided in Chapter 2506, Revised Code, the Common Pleas Court has no basis or authority upon which to permit the introduction of evidence and no authority to proceed with the appeal." *Grant v. Washington Twp.* (1963), 1 Ohio App.2d 84, 30 O.O.2d 108, 203 N.E.2d 859, paragraph two of the syllabus, quoted in *Rodzen,* at 4.

■ The trial court, however, did not simply deny appellant's appeal; instead, it proceeded to hold a trial *de novo* on the issue of the need for a competitive service examination to fill the post of captain in the Wickliffe Fire Department. While the trial court could have held an actual hearing on the declaratory judgment portion of appellant's complaint (which seems to have been ignored), it could not have proceeded with appellant's administrative appeal, absent the R.C. 2506.02 transcript. Unlike administrative appeals taken under R.C. Chapter 119, which requires a mandatory hearing (see *Giovanetti v. Ohio State Dental Board* [1990], 66 Ohio App.3d 381, 584 N.E.2d 66), R.C. Chapter 2506 appeals are limited to the transcript of the administrative body and to corrections of that transcript, as provided in R.C. 2506.03. Consequently, the trial court's *de novo* hearing is essentially a nullity.

■ However, although the trial court erred in conducting the trial *de novo* in the case *sub judice,* this error is not relevant to this court's examination of the issue of whether the trial court erred in affirming the decision of the

Wickliffe Civil Service Commission. For while the procedural route by which the trial court arrived at its decision was incorrect, the result reached was accurate. By failing to provide the trial court with the R.C. 2506.02 transcript, appellant provided no basis for the trial court to determine that any error had been committed. Further, although the appellee apparently submitted some documents to the court, there is nothing in the record that would indicate that these items were transmitted by the administrative agency for transcript purposes or even that the agency actually saw the documents in question. (This problem is analogous to situations in which an appellant urges that the decision of the trial court is in error without providing a transcript of the lower court proceedings. Failure to provide these transcripts forces this court to presume the validity of the lower court's proceedings and affirm. Accord *Knapp v. Edwards Laboratories* [1980], 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.)

As R.C. 2506.03 notes, the trial court is supposed to limit its examination of the administrative appeal to the R.C. 2506.02 transcript, unless the court finds that the transcript is insufficient, under one of the grounds provided for in the statute, for a proper review of the administrative proceedings. In the case at bar, however, the trial court made no such finding of inadequacy, and commenced its trial *de novo* without reference to any of the criteria in R.C. 2506.03. However, in the absence of the R.C. 2506.02 transcript, the trial court could only conclude that the Wickliffe Civil Service Commission was correct in its ruling that a competitive civil service examination was not required to fill the post of captain. As a result, appellant's argument is without merit.

In reaching this decision, this court offers no opinion as to the scenario in which an appellant correctly submits a praecipe requesting a R.C. 2506.02 transcript, but is informed that no such documents are available. R.C. 2505.08 provides that if a transcript is not filed by the administrative agency, assuming, *ab initio*, that such transcript exists, the appellant may apply to the court to which the appeal is taken for an order compelling the filing of the transcript of the administrative proceedings. If, in fact, there is no R.C. 2506.02 transcript of the administrative proceedings available, R.C. 2506.03 allows the trial court to have evidence presented before it "as in the trial of a civil action." The basis for the admission of this evidence would presumably be that " * * * [t]he transcript does not contain a report of all evidence admitted or proffered by the appellant * * *." See, *e.g., Xetron Corp. v. Butler Cty. Bd. of Zoning Appeals* (July 25, 1988), Butler App. No. CA87–12–163, unreported, 1988 WL 76814.

While appellant has not directly addressed itself to this issue, examination of the trial court record compels this court to venture some comment about the issue of the dismissal of the declaratory judgment. A reading of the trial court record indicates that the lower court also gave short shrift to the issue by dismissing the declaratory judgment claim without establishing whether Wickliffe Ordinance No. 1987-37 was either illegal or unconstitutional. Both the trial court and the parties appear to have considered the declaratory judgment action simply an adjunct of the administrative appeal and, consequently, left the issue, like Cinderella, at home, while taking the more glamourous claims to the ball.

■ However, a declaratory judgment action is by no stretch of the imagination the tail of the administrative appeal dog. Instead, the claim constitutes an entirely different cause of action, requesting different relief from that asked for in the administrative appeal. To simply dismiss the claim without making a declaration of rights is an arbitrary, capricious, and unreasonable action on the part of the trial court, and, as such, constitutes an abuse of discretion. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ App.R. 12(A) states that "[e]rrors not specifically pointed out in the record and separately argued by brief *may* be disregarded." (Emphasis added.) However, this rule allows this court discretion to examine errors which are not otherwise addressed by the parties. We feel that failure to address a claim entirely, when the relief provided for by the claim is dissimilar to that provided for in claims addressed by the court, is error which should be addressed by this court, irrespective of it not being raised by the parties.

Therefore, for reasons consistent with the language of this opinion, the trial court is affirmed in part, in regard to its decision on the administrative appeal, and is reversed in part, with respect to the declaratory judgment. Therefore, this case is remanded to the trial court solely for consideration of appellant's declaratory judgment claim.

*Judgment accordingly.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.