JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Kathy Coleman, was employed as a teacher at Shaw High School in the East Cleveland City School District ("ECCSD" or "appellee") from August 1998 through June 2000. The relationship between appellant and her employer was tumultuous at best, and she was subjected to several instances of disciplinary action, including a 5-day suspension without pay in March 2000. Appellant was then suspended, with pay, for the remainder of the school year in April 2000, and was prohibited from entering the school premises without prior permission of the school superintendent.
 {¶ 2} As a result of the disciplinary problems, appellant's contract with the school district was not renewed. Appellant appealed the decision directly to the trial court, bypassing the grievance procedure set forth in the collective bargaining agreement that governed the terms of her employment with the district. Appellee East Cleveland filed a motion to dismiss in that action, which was granted by the trial court and reviewed inColeman v. East Cleveland, et al. (April 11, 2002), Cuyahoga App. No. 80122. There, this court held:
 {¶ 3} "[T]o the extent that appellant [Coleman] argues that ECCSD did not evaluate her in accordance with R.C. 3319.111 and that she was denied a hearing under R.C. 3319.11(G), the trial court properly granted ECCSD's motion to dismiss because it did not have subject matter jurisdiction to consider her claims. The collective bargaining agreement, however, did not expressly supercede R.C. 3319.11(E) or the notice provision contained therein.
 {¶ 4} "* * *
 {¶ 5} "Consequently, the trial court erred in finding that it lacked subject matter jurisdiction to the extent that it lacked jurisdiction to decide the issue of notice. We, therefore, reverse the decision of the trial court and remand for the trial court to resolve the issue of whether appellant received proper notice in compliance with R.C. 3319.11(E)." Id. at 2, 3.
 {¶ 6} Thereupon, the case was remanded to the trial court for consideration of whether appellant received the required notice of her nonrenewal pursuant to R.C. 3319.11(E). Between January 24, 2003 and February 9, 2004, the parties engaged in discovery as to the notice issue, which was ordered by the court in its journal entry of January 28, 2003 because there was no transcript or record created and filed with the trial court regarding how the appellant was notified of the nonrenewal.[1] The trial court also ordered the parties to submit their arguments in writing, with all related exhibits attached, no later than April 4, 2003. Appellee filed its brief on April 3, 2003; however, appellant filed only the deposition transcript of Richard Jenkins, Director of Personnel for ECCSD.
 {¶ 7} An evidentiary hearing was held on May 28, 2003 at which evidence, testimony and arguments were presented for both sides. After the hearing, however, the original trial judge recused himself from the proceedings after appellant contacted the court via telephone and attempted to present further arguments. The matter was reassigned, and the new trial judge issued an order on July 28, 2003 (after conducting a hearing on July 8, 2003) stating that he would review the transcript of the May 28, 2003 hearing, and that the parties had until September 5, 2003 to submit additional exhibits relative to the issue of notice. Appellant failed to file any exhibits with the court before that deadline, but ECCSD filed an exhibit list on September 4, 2003, which included its April 3, 2003 brief. Appellant moved to strike ECCSD's exhibits, which was denied by the trial court.
 {¶ 8} The trial court then issued an order on February 9, 2004, which stated:
 {¶ 9} "Upon the evidence, the court finds that the plaintiff was effectively served with proper notice of nonrenewal on 4/28/2000 by certified and ordinary mail. Further, the plaintiff was served at her residence with said notice on 4/26/2000."
 {¶ 10} Appellant filed her notice of appeal from this decision on March 10, 2004. On March 17, 2004, appellant filed in the trial court a motion for relief from judgment pursuant to Civ.R. 60 and Civ.R. 61. The trial court denied her motion on April 9, 2004, and appellant filed another notice of appeal on May 7, 2004. The appeals were consolidated by this court, upon the motion of appellee, on June 9, 2004.
 {¶ 11} Appellant now presents seven assignments of error for our review.[2] Allowing for appellant's status as a pro se litigant, we consider her first five assignments of error together.
 Notice of Nonrenewal of Teaching Contracts {¶ 12} Evaluation procedures for teachers under a limited contract are governed by R.C. 3319.111 unless a collective bargaining agreement expressly provides to the contrary. Naylorv. Cardinal Local School Dist. Bd. of Edn. (1994),69 Ohio St.3d 162, 630 N.E.2d 725, paragraph two of the syllabus; see, also,State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, Local 4,AFL-CIO v. Batavia Local School Dist. Bd. of Edn. (2000),89 Ohio St.3d 191, 196, 729 N.E.2d 743; Coleman v. E. ClevelandCity Sch. Dist. Bd. of Educ., supra.
 {¶ 13} Generally, the scope of review by the court of appeals of a trial court's decision for non-renewal of a teacher's contract is limited to whether the common pleas court abused its discretion in concluding that the board's action was supported by the evidence. Springer v. Bd. of Ed. Cleveland Hts.-Univ. Hts.
(Mar. 9, 2000), Cuyahoga App. No. 75939. The courts can only review the decision not to renew the contract for procedural errors. Farmer v. Kelley's Island Bd. of Ed. (1994),69 Ohio St.3d 156, 158.
 {¶ 14} As noted above, the only issue before the trial court upon remand was whether appellant received notice of the nonrenewal pursuant to R.C. 3319.11. We are therefore limited to considering whether the trial court abused its discretion in determining that appellant was served with proper notice under the statute. R.C. 3319.11 sets forth, in pertinent part:
 {¶ 15} "(E) A limited contract may be entered into by each board with each teacher who has not been in the employ of the board for at least three years and shall be entered into, regardless of length of previous employment, with each teacher employed by the board who holds a provisional, temporary, or associate license, or who holds a professional license and is not eligible to be considered for a continuing contract.
 {¶ 16} "Any teacher employed under a limited contract * * * is, at the expiration of such limited contract, considered reemployed under the provisions of this division at the same salary plus any increment provided by the salary schedule unless * * * the employing board, acting upon the superintendent's written recommendation that the teacher not be reemployed, givessuch teacher written notice of its intention not to reemploy suchteacher on or before the thirtieth day of April. (Emphasis added).
 {¶ 17} "* * *
 {¶ 18} "(H) (1) In giving a teacher any notice required by division (B), (C), (D), or (E) of this section, the board or the superintendent shall do either of the following:
 {¶ 19} "(a) Deliver the notice by personal service upon the teacher;
 {¶ 20} "(b) Deliver the notice by certified mail, return receipt requested, addressed to the teacher at the teacher's place of employment and deliver a copy of the notice by certified mail, return receipt requested, addressed to the teacher at the teacher's place of residence."
 {¶ 21} The record in this matter contains a letter informing appellant of ECCSD's decision not to renew her contract dated April 11, 2000. Testimony and documentary evidence taken at the May 23, 2003 hearing indicate that this letter was sent to appellant's place of residence via certified and regular mail on April 26, 2000; appellant signed for and retrieved the letter from the post office on May 2, 2000. In addition, an affidavit submitted by ECCSD with its brief evidences that human resource manager Richard Jenkins, accompanied by the affiant, Wayne Haynes, personally delivered the notice of nonrenewal to the home of the appellant and that the notice was left with a man who identified himself as the appellant's husband. Testimony also revealed that ECCSD did not attempt to serve appellant at the school because she was suspended, with pay, during the month of April 2000 and was barred from the school premises without prior approval of the school superintendent. Finally, Richard Jenkins testified that he received a phone call regarding the notice of nonrenewal from the appellant on the 27th or 28th of April 2000.
 {¶ 22} The trial court held at least two hearings on the matter and afforded appellant every opportunity to engage in discovery and dispute the evidence properly submitted by ECCSD, especially considering her pro se status. There was no abuse of discretion in the trial court's finding that appellant was properly notified prior to April 30, 2000 of the appellee's intention not to renew her contract for the subsequent school year. There is no evidence that the trial court's determination was arbitrary, unreasonable or unconscionable, and appellant's first five assignments of error are hereby overruled.
 Motion for Relief from Judgment {¶ 23} Appellant filed a notice of appeal from the court's February 9, 2004 journal entry on March 10, 2004. On March 17, 2004, she filed a Motion for Relief from Judgment, which was denied on April 9, 2004. Appellant is correct in stating, in her sixth assignment of error, that the trial court lacked jurisdiction to consider a 60(B) motion after she had filed her notice of appeal with this court. It is axiomatic that "[o]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. See, generally, Howard v. Catholic Social Serv. of Cuyahoga Cty.,Inc. (1994), 70 Ohio St.3d 141, 146-147, 637 N.E.2d 890, and cases cited therein (appeal divests trial courts of jurisdiction to consider Civ.R. 60[B] motions for relief from judgment absent conferral of jurisdiction by limited remand by appellate court)."State ex rel. Rock v. Sch. Emples. Ret. Bd., (2002),96 Ohio St.3d 206, 207. Because the trial court had no jurisdiction to consider a 60(B) motion once appellant filed her appeal, this court lacks jurisdiction to consider its merits now. To the extent that she challenges the merits of the trial court's ruling as to her motion for relief from judgment, appellant's sixth and seventh assignments of error are hereby overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and *Sweeney, J., Concur.
*Sitting by Assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
 APPENDIX A
Appellant's Assignments of Error:
I. The lower common pleas court abused its discretion and erred in failing to merely review the lower court record upon remand without supplementation and determine that written notice of intent of nonrenewal/nonrenewal of teaching employment was not provided as required by R.C. 3319.11 wherein the lower court record prior to remand and the appeals court remand decision reveal and denote respectively that there was no evidence in the lower court record that appellee gave appellant the writton [sic] notice of intent of nonrenewal/nonrenewal [sic] of teaching employment required by R.C. 3319.11
II. The lower common pleas court abused its discretion and erred in oredering [sic] discovery upon remand and then holding a hearing after discovery revealsed that appellant did not receive the writton [sic] notice of intent of nonreneal/nonrenewal [sic] of teaching employment in that discovery is applicable to the extent that this court determines that supplementation of the record upon remand was proper
III. The lower common pleas court erred and abused its discretion in issuing a fictitious and unjournalized January 24, 2003 order seeking arbitration on the notice of nonrenewal issue wherein the remand order denotes that jurisdiction is limited solely to the court of common pleas and wherein appellant was subjected to harassment and retlaiation [sic] and denied reinstatement to her teaching job after objecting to the fictitious order.
IV. The lower common pleas court abused its discretion and erred in determining that appellant was effectively and personally served with notice of nonrenewal of teaching employment at her residence on August 26, 2000 and that the same original notice was also served on appellant by regular mail and by certified mail on April 28, 2000, particularly wherein [sic] appellee failed to provide appellant with written notice of intent of nonrenewal or nonrenewal by April 30, 2000 as required by R.C. 3319.11, 3319.11B-E (sic) where applicable, and 3319.11(H).
V. The lower common pleas court erred and abused its discretion in failing to order appellee to reinstate appellee to her teaching position under a continuing teaching contract coupled with all other applicable accommodations regardless of the notice of nonreneal [sic] of teaching employment issue wherein [sic] appellee failed to consider appellant for a continuing teaching contract as required by R.C. 3319.11(B)
VI. The lower court abused its discretion and erred in ruling upon and denying appellant's Civ.R.60(A), 60(B) and 61 motions and amended motions for corrfection [sic] of record and relief from judgment because the lower court lacked jurisdiction.
VII. The lower court abused its discretion and erred in denying appellantg's [sic] Civ.R.60(A), 60(B) and 61 motion and amended motkons [sic] for correction of record particularly in the absence of a hearing to the extent that it had jurisdiction over the matter.
[1] Although appellant argues that the discovery order was "fictitious," our review of the record evidences a properly signed and journalized entry ordering the parties to engage in discovery as to the notice issue; the order was also addressed by the trial judge on the record at the January 24, 2003 hearing. Appellant further argues that the discovery order was inappropriate pursuant to R.C. 2506.02. There is no evidence that R.C. 2506.02 would be applicable to appellant's case. Even if it was applicable, she failed to comply with the requirements of the statute, which would provide the trial court grounds to deny appellant's appeal of ECCSD's decision. See WickliffeFirefighters Assoc. v. City of Wickliffe (1990),66 Ohio App.3d 681, 586 N.E.2d 133.
[2] Appellant's seven assignments of error are included in appendix A of this Opinion.