JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Pamela Krickler, appeals from a common pleas court order dismissing her appeal from a decision of the City of Brooklyn Civil Service Commission and awarding summary judgment in favor of defendants-appellees, the City of Brooklyn and its mayor, Kenneth E. Patton, on her wrongful discharge claim. Krickler argues that these decisions were erroneous and that the common pleas court also erred by affirming the civil service commission's decision that she was an unclassified civil service employee. We find no error in the proceedings below so we affirm the court's decision.
 Facts {¶ 2} The following facts are undisputed. Krickler began working for the city of Brooklyn part-time in 1974. She became a full-time clerk/typist in August 1976, and an assistant accounting clerk in 1978. In 1983, she was appointed to the position of personnel/records clerk and secretary to the mayor, John M. Coyne.
 {¶ 3} In the summer of 1998, Krickler and Maryann Merce, Mayor Coyne's administrative assistant, confronted then-Service Director Kenneth Patton about a refrigerator in the service garage that contained beer and other alcoholic beverages which service department employees consumed during working hours. As a result of this incident, Mayor Coyne terminated Patton's employment. The mayor subsequently reinstated Patton at Krickler's behest. In December 1998, Patton resigned to take employment with the City of Parma.
 {¶ 4} Patton was elected mayor of the City of Brooklyn in November 1999. He assumed office on January 1, 2000. Krickler and 13 other employees were discharged when Patton assumed office, including the mayor's administrative assistant, the law director, the police chief, the fire chief, the service director, the safety director, the finance director, and the clerk of council.
 {¶ 5} Krickler filed a grievance with the city's civil service commission. At a hearing on February 9, 2000, the commission ruled that she was not a classified civil service employee and therefore could be terminated at will.
 {¶ 6} Krickler addressed a letter to the City of Brooklyn Civil Service Commission dated February 24, 2000. It references "Pamela Krickler," "Date of Hire: 08-26-76" and states:
"To Whom it May Concern:
"As you know, my office represents Pamela Krickler concerning her removal from service on January 1, 2000.
"Please be advised that Ms. Krickler hereby appeals the decision rendered at the February 9, 2000 hearing.

 "Very truly yours,
 /s/ Debra J. Dixon
 "Debra J. Dixon"
 {¶ 7} A notation at the bottom of the letter indicates that copies were forwarded to Ms. Krickler and James L. Deese, Esq.
 Procedural History {¶ 8} Krickler originally filed her complaint on March 13, 2000 and subsequently amended it with leave of court. The amended complaint alleged that the city and the mayor discharged her because of her age and to prevent her pension benefits from vesting, in violation of R.C. Chapter 4112 and public policy. Krickler further claimed that the city violated an implied contract of continued employment with her. She asserted that the city and the mayor intentionally caused her severe emotional distress, and terminated her employment maliciously. Finally, she appealed from the ruling of the Brooklyn Civil Service Commission which concluded that she was not a classified employee at the time of her discharge.
 {¶ 9} The common pleas court sua sponte dismissed Krickler's appeal from the civil service commission's decision for lack of subject matter jurisdiction. The court concluded that Krickler had failed to file a notice of appeal, and failed to name or serve the agency from which the appeal was taken. The court further found the civil service commission's decision was not a final order. Thereafter, the court granted summary judgment for the defendant on Krickler's remaining claims. Krickler appealed these decisions to this court.
 {¶ 10} In Krickler v. Brooklyn (2002), 149 Ohio App.3d 97, this court affirmed the common pleas court's decision in part, reversed in part and remanded the case for further proceedings. This court determined that the common pleas court had properly granted judgment for the defendants on Krickler's claims for breach of an implied contract of continued employment, wrongful discharge in order to deny her pension benefits, and intentional infliction of emotional distress. However, this court held that Krickler could maintain a claim for wrongful discharge in retaliation for making a complaint about on-the-job alcohol abuse. This court further found that the common pleas court had erred by failing to consider whether Kricker perfected an appeal under R.C. 2505.04 by filing a notice of appeal with the civil service commission, and remanded for the court to consider this issue.
 {¶ 11} On remand, defendants moved the court to dismiss Krickler's administrative appeal and sought summary judgment on her claim for wrongful discharge. These motions were both granted by the court. Krickler has appealed from these rulings.
 Law and Analysis {¶ 12} In her second assignment of error, Krickler asserts that the common pleas court erred by dismissing her civil service appeal. Pursuant to R.C. 2505.04, an administrative appeal is perfected by filing a written notice of appeal with the "administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." The notice of appeal must "designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact. In the notice, the party appealing shall be designated the appellant, and the adverse party, the appellee. In the case of an administrative-related appeal, the failure to designate the type of hearing upon appeal is not jurisdictional, and the notice of appeal may be amended with the approval of the appellate court for good cause shown." R.C. 2505.05.
 {¶ 13} The only jurisdictional requirement set forth in the statutes is the filing of a notice of appeal with the administrative agency from whom the appeal is taken. Nevertheless, this court has held, based on the Ohio Supreme Court's decision in Dudukovich v. Lorain Metro. Hous. Auth.
(1979), 58 Ohio St.2d 202, 204, that as a practical matter a notice of appeal must also be filed in the common pleas court within the same time period in order for the court to assume jurisdiction. Board of ZoningAppeals v. Moriyama (Nov. 1, 2001), Cuyahoga App. No. 78477. "When the court does not receive notice [of an appeal] from a practical standpoint, the appeal could lay dormant for months. Filing the appeals with the court triggers the agencies' action to file the transcript with the court. Consequently, both the agency and the court should be served timely." Id. Therefore, an appeal from an administrative decision is not perfected unless a notice of appeal is filed in both the administrative agency and the court within the statutory time limit.
 {¶ 14} In this case, Krickler arguably filed a notice of appeal with the civil service commission by her letter challenging the decision rendered February 9, 2000. Krickler asserts that she also filed a notice of appeal with the common pleas court within the required time period by filing her complaint on March 13, 2000.
 {¶ 15} Plaintiff did not provide notice to the court that she was appealing from the civil service board's decision by burying an ambiguous claim in her complaint which might possibly be construed to assert an appeal. First, the complaint itself is entitled only "COMPLAINT (Jury Demand Endorsed hereon)," and refers to the parties as "plaintiff" and "defendants." These designations give no notice to the court or to the opposing party that the document includes an appeal. The count containing the purported "appeal" is simply captioned "Claim V," and also gives no indication that it may contain an appeal. Thus, the court and opposing party had to read the substance of Count V of the complaint before they learned that an appeal might be at issue. Finally, and most important, however, the count of the complaint which contained the purported "appeal" alleged damages resulting from the erroneous decision, making it appear that Krickler was pursuing a civil claim rather than an appeal.[1]
We simply cannot construe these ambiguous allegations as a notice of appeal, even under the broad standards of R.C. Chapter 2505.
 {¶ 16} Accordingly, we agree with the common pleas court that Krickler did not timely file a notice of appeal with the court and that the court therefore lacked jurisdiction to consider her purported appeal from the commission's decision.
 {¶ 17} Krickler's third assignment of error challenges the court's alternative decision to affirm the civil service commission's determination. In light of our ruling on Krickler's second assignment of error, this issue is moot. However, we note that no praecipe was filed in the common pleas court, and the civil service board never filed a transcript of the proceedings. Thus, if we were to find that the common pleas court had jurisdiction over an appeal from the board's decision, the common pleas court would have been obligated to presume the validity of the proceedings before the civil service board, and to affirm its decision. See, e.g., Wickliffe Firefighters Assn. v. Wickliffe (1990),66 Ohio App.3d 681, 686.
 {¶ 18} In her first assignment of error, Krickler argues that the common pleas court erred by granting summary judgment on her wrongful discharge claim. She contends that this court previously decided that she presented sufficient evidence to survive summary judgment on this claim, and this decision became the "law of the case" and precluded the common pleas court from granting summary judgment for the defendants again on the same evidence. She further contends that there was sufficient evidence in the record to demonstrate that she was discharged in retaliation for having reported the defendant mayor for maintaining a supply of alcohol in the service garage when he was the city's service director.
 {¶ 19} A claim for wrongful discharge in violation of public policy may be proved by establishing (1) the existence of a clear public policy, manifested in constitutional, statutory, regulatory, or common law; (2) that dismissal of employees under the circumstances under which the plaintiff was discharged would undermine or jeopardize the public policy; (3) the plaintiff was discharged for reasons related to the public policy; and (4) there is no overriding legitimate basis for the discharge. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 151
(quoting Painter v. Graley (1994), 70 Ohio St.3d 377, 384 n. 8). The first two issues, "the clarity and jeopardy elements of the tort of wrongful discharge[,] are questions of law to be determined by the court." Id. (citing Collins v. Rizkana (1995), 73 Ohio St.3d 65). Conversely, the other two issues, "the causation and overriding justification elements[,] are questions of fact for the trier-offact." Id.
 {¶ 20} This court's prior decision determined that "Krickler can maintain her suit based on the workplace alcohol policy, because Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." Krickler, 149 Ohio App.3d at ¶ 18. Thus, we only addressed the "clarity" element of the wrongful discharge claim.
 {¶ 21} We now hold that, as a matter of law, Krickler cannot prove the "causation" element of a wrongful discharge claim. The fact that Krickler reported the current mayor for maintaining a supply of alcohol in the service garage while he was the service director, and that he discharged her from her employment after he became mayor, does not demonstrate that he discharged her because she reported him. There is no direct or indirect evidence that Patton's purpose in firing Krickler was retaliatory. The passage of time between the two incidents, as well as Mr. Patton's intervening resignation from city employment, makes the nexus between these events severely attenuated. The fact that other employees involved in this incident were also discharged does not bolster Krickler's argument, because there is no evidence of a causal connection between the discharge of these employees and the prior incident. Furthermore, nine other employees unconnected to this incident were also discharged. The fact that the city hired two employees to perform the work that Krickler had done does not suggest that her discharge was retaliatory. Accordingly, we find the common pleas court did not err by granting summary judgment for the defendants.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Kilbane, J. Concur
[1] The date of the order appealed from is also different from that listed in the notice of appeal filed with the commission. Consequently, it is not clear that the complaint and the notice of appeal challenged the same decision.