OPINION *Page 2 
{¶ 1} Appellant Craig Dunn appeals the decision of the Court of Common Pleas, Morgan County, which affirmed the decision of the Board of Trustees of Deerfield Township, Morgan County, in a dispute over a partition fence to be constructed on the boundary line between appellant's property and land owned by Samuel Clemens near Portersville, Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and his neighbor Samuel Clemens began discussing the erection of a partition fence between their properties in 2004. The parties thereafter presented the problem to the Deerfield Township Board of Trustees in several meetings. In August 2005, the Trustees visited and viewed the area in question. At that time, appellant presented the Trustees with a written report prepared by Dan R. Singer, a certified appraiser. Although not made part of the record on appeal, the report indicated, inter alia, that "a single line or boundary fence, a fence on one side only, does not increase the * * * value, marketability or benefit the subject property in any way." Appellant's Exhibit B.
 {¶ 3} On August 21, 2005, the Trustees concluded that appellant would be required to pay for one-half of the cost of the partition fence, pursuant to R.C. 971.01, et seq.
 {¶ 4} Appellant thereupon filed an administrative appeal in the Morgan County Court of Common Pleas. The court ultimately set the matter for a final pretrial on May 23, 2006, at which time the case was set for a full hearing on July 20, 2006. On that date, appellant failed to appear. Although appellant had earlier requested a "transcript of all of the original papers, testimony, and evidence offered, heard and taken into *Page 3 
consideration by the Board of Township Trustees," the court had before it only a transcript of the minutes of the several Trustee meetings on the partition fence. The Singer appraisal report apparently was not made part of the record before the common pleas court.
 {¶ 5} The court thereupon found appellant's administrative appeal to be without merit and entered a judgment entry denying said appeal on July 20, 2006.
 {¶ 6} On August 3, 2006, appellant filed a motion for a new trial under Civ.R. 59. The trial court denied said motion on December 26, 2006.
 {¶ 7} On January 25, 2007, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL IN LIGHT OF THE FACT THAT THE ONLY EVIDENCE BEFORE IT CONCERNING THE BENEFIT OF THE FENCE TO THE APPELLANT WAS AN APPRAISAL DONE BY APPELLANT'S APPRAISER WHICH SHOWED THAT THE BENEFIT OF THE FENCE DID NOT OUTWEIGH THE COST OF THE FENCE TO THE APPELLANT."
 I. {¶ 9} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion for a new trial. We disagree.
 {¶ 10} R.C. 119.12, which sets forth the procedure for administrative appeals, states in pertinent part: "* * * The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. * * *" We initially note that some Ohio appellate courts have held, based on R.C. 119.12, that a common pleas court does not *Page 4 
have jurisdiction to grant a new trial pursuant to Civ.R. 59 from a judgment of an administrative appeal. See Giovanetti v. Ohio StateDental Bd. (1990), 66 Ohio App.3d 381, 383, 584 N.E.2d 66, citingShady Acres Nursing Home, Inc. v. Board (1976), 50 Ohio App.2d 391, 4 O.O.3d 393, 364 N.E.2d 44; Ohio State Medical Bd. v. Pla (1988),42 Ohio App.3d 239, 538 N.E.2d 125.
 {¶ 11} Assuming, arguendo, the court did have jurisdiction to hear a Civ.R. 59 motion, it is well-established that the decision to grant or deny a motion for new trial rests in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. See Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312,649 N.E.2d 1219. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 12} In the case sub judice, appellant essentially claims the common pleas court reached its decision on July 20, 2006 without an adequate record, particularly in regard to the missing Singer appraisal report. However, given that appellant, as the moving party in the administrative appeal, failed to appear before the trial court for the final hearing and correspondingly failed to advise the court at that time about the status of the report, we are unpersuaded that the denial of appellant's subsequent motion for a new trial constituted an abuse of discretion. *Page 5 
 {¶ 13} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
 Costs to appellant. *Page 1