{¶ 13} I respectfully dissent as I would follow the reasoning of the Eighth District Court of Appeals in Stalter v. Cleveland, 8th Dist. No. 89323, 2008-Ohio-134. In Stalter the court stated:
 "This court has held, in accordance with the Ohio Supreme Court's decision in [Dudukovich v. Lorain Metro. Housing Auth. (1979), 58 Ohio St.2d 202], that as a practical matter a notice of appeal must also be filed in the common pleas court within the same time period in order for the court to assume jurisdiction. Bd. of Zoning Appeals v. Moriyama (Nov. 1, 2001), 8th Dist. No. 78477. Therefore, an appeal from an administrative decision is not perfected unless a notice of appeal is filed with both the administrative body and the common pleas court within the *Page 6 
statutory time limit. Krickler v. Brooklyn, 8th Dist. No. 85007, 2005-Ohio-2326." Id. at ¶ 13.
 {¶ 14} In Moriyama, supra, the Eighth District echoed the concerns expressed by the Ohio Supreme Court in Dudokovich:
 "[A] problem exists when only the agency is notified. When the court does not receive notice from a practical standpoint, the appeal could lay dormant for months. Filing the appeal with the court triggers the agencies' action to file the transcript with the court. Consequently, both the agency and the court should be served timely. Otherwise, the matter is not properly before the court."
 {¶ 15} I would affirm the trial court in its dismissal of the appeal. *Page 1