[Cite as *Carstensen v. Allen Twp. Bd. of Trustees*, 2024-Ohio-870.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

William J. Carstensen                           Court of Appeals No.  OT-23-010

    Appellant                                 Trial Court No.  22 CV 361

v.

Board of Trustees of Allen Township      **<u>DECISION AND JUDGMENT</u>**

    Appellee                                  Decided:  March 8, 2024

* * * * *

William J. Carstensen, pro se.

James J. VanEerten, Ottawa County Prosecuting
Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, William J. Carstensen, pro se, appeals from the judgment of the Ottawa County Court of Common Pleas dismissing his appeal from a demolition order issued by appellee, Board of Trustees of Allen Township ("the Board"). For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and the Facts**

{¶ 2} Carstensen is the owner of real property located at 22631 Toledo Street, Curtice, Ottawa County, Ohio. The property is the site of two structures, namely an old church and an accessory building. On April 12, 2022, the Allen Township Trustees issued a resolution declaring the property to be "insecure, unsafe and/or structurally defective." The resolution further provided that the proper way to render the property safe was to: (1) properly disconnect any and all utilities on the premises; (2) properly cap any well that may be on the premises; (3) crush and fill any cistern or portions of a septic system on the premises; (4) tear down the structure, remove all materials and debris and properly dispose of same; and (5) remove the foundation, fill, grade, and seed pursuant to local ordinance.

{¶ 3} Carstensen timely appealed the resolution order to the Board. A hearing on the matter was held on August 23, 2022. At the hearing, the Board heard testimony from three witnesses, including Carstensen, Allen-Clay Joint Fire District Chief Michael Musolf, and Allen Township Zoning Inspector Nancy Sabin. The Board also admitted into evidence several exhibits in the form of photos and reports.

{¶ 4} After the appellate hearing, the Board issued a document entitled "Findings of Fact and Order," which described the hearing proceedings and named the hearing participants. The document also contained a finding by the Board that the recommendations that were included in the Allen Township Fire Chief's initial report from August 2019 remained appropriate, "in as much [sic] as the matters which created

2.

an insecure, unsafe and structurally defective condition have not been remedied by the Appellant as evidenced by the Allen Township Fire Chief's report dated August 22, 2022." Thus, it was once again ordered that: (1) all utilities on the premises be properly disconnected; (2) any well on the premises be properly capped; (3) any cisterns or portions of a septic system on the premises be crushed and filled; (4) the structure be torn down and all materials and debris be removed and properly disposed of; and (5) the foundation be removed, with filling, grading and seeding pursuant to local ordinance. It was further ordered that the total cost of removing the structure be paid out of the Township General fund and then remain a lien upon the land until paid.

{¶ 5} On November 18, 2022, appellant filed in the trial court a Complaint to Appeal Trustee's Order and for Injunctive Relief. In the complaint, appellant requested that the Board be enjoined from trespassing on the subject property or from taking any further action to demolish or damage that property.

{¶ 6} On December 12, 2022, the Board filed a motion to dismiss on the grounds that: (1) the administrative appeal was not timely filed; and (2) that Carstensen had failed to request the issuance of a praecipe for preparation of the record. Carstensen filed a memorandum in opposition to the Board's motion, wherein he argued that if the court were to allow the Board to go forward with the demolition of the subject buildings before Carstensen had a reasonable opportunity to make additional repairs, "it would be unjust, unfair, and against the Rules of Equity this Court should apply."

3.

**{¶ 7}** On March 7, 2023, the trial court issued a decision and order granting the Board's motion to dismiss on the grounds that the failure to file a request for the issuance of a praecipe was fatal to Carstensen's cause of action. Carstensen timely appealed from this decision and order.

### Assignment of Error

**{¶ 8}** Appellant asserts the following assignment of error on appeal:

I. The trial court erred in granting Defendant's Motion to

Dismiss.

### Analysis

**{¶ 9}** It is undisputed in this case that the decision from which Carstensen appealed was issued pursuant to R.C. 505.86. Appeals of decisions issued pursuant to R.C. 505.86 are governed by R.C. 2506.01, et seq. *See* R.C. 505.86 (C)(4). R.C. 2506.02 provides that "[w]ithin forty days after filing a notice of appeal * * *, the officer or body from which the appeal is taken, *upon the filing of a praecipe by the appellant*, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision." (Emphasis added.)

**{¶ 10}** The necessity for a correct filing of an R.C. 2506.02 transcript becomes evident upon a reading of R.C. 2506.03, "which limits the trial court's role of review to the transcript of [the] administrative agency's proceedings." *Rodzen Warren City Health Dept.*, 11th Dist. Trumbull No. 3633, 1987 WL 8230, *1 (Mar. 20, 1987), *see also*

4.

*Wikliffe Firefighters Assn., Local 1536 v. Wikliffe*, 66 Ohio App.3d 681, 684-685, 586 N.E.2d 133 (11th Dist.1990) (in the hearing of administrative appeals, the court shall be confined to the transcript as filed pursuant to R.C. section 2506.02 of the Revised code).

{¶ 11} Failure of an appellant to comply with R.C. 2506.02 "provides grounds for the trial court to properly deny his or her appeal," *Wikliffe* at 685, citing *Rodzen,* because "'[w]here no transcript has been filed as provided in Chapter 2506, Revised Code, the Common Pleas Court has no basis or authority to permit the introduction of evidence and no authority to proceed with the appeal.'" *Avondale Community Council v. Zoological Society of Cincinnati*, 1st Dist. Hamilton No. C-930955, 1995 WL 298185, *1 (May 17, 1995), quoting *Wickliffe* at 685, citing *Grant v. Washington Twp.*, 1 Ohio App.2d 84, 203 N.E.2d 859 (2d Dist.1963); *see also Brosek v. City of Brook Park Board of Zoning Appeals*, 8th Dist. Cuyahoga No. 34544, 1976 WL 190797, *3 (Jan. 15, 1976) (holding that without a transcript before it, the court of common pleas had no authority to proceed at all under R.C. 2505.06).

{¶ 12} There is no question that Carstensen failed to request the issuance of a praecipe for preparation of the record in this case. As a result of this failure, no record of proceedings was ever transmitted to the trial court and, therefore, there was no basis on which to review the decision of the Board. Accordingly, the trial court properly granted the Board's motion to dismiss.

{¶ 13} In this appeal, Carstensen makes no argument relating to the foregoing analysis. Instead, he argues that principles of equity should control to excuse his delays in

5.

making the prescribed repairs and, further, that he should be given a reasonable time to complete those repairs. Although Carstensen's complaint was captioned "Complaint to Appeal Trustee's Order and For Injunctive relief," we find that the asserted cause of action for injunctive relief must fail because "in general, injunctive relief is a remedy, not a cause of action." *Woods v. Sharkin*, 2022-Ohio-1949, 192 N.E.3d 1174, ¶ 70 (8th Dist.); *see also Bresler v. Rock*, 2018-Ohio-5138, 117 N.E.3d 184, ¶ 45 (10th Dist.) ("In general, injunctive relief is a remedy, not a cause of action.").

{¶ 14} To the extent that Carstensen's action can be construed as asserting a claim for trespass, we find that it still must fail. To make a claim for injunctive relief to prohibit a trespass by the Board onto his property, Carstensen must demonstrate a lack of authority on the part of the Board to enter upon his land. *See Kramer v. Angel's Path, L.L.C.*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46 (6th Dist.) ("The elements of trespass include '(1) an unauthorized intentional act and (2) entry upon the land in the possession of another.'"). Carstensen makes no claim -- and there is nothing in the record to suggest -- that the Board did not follow R.C. 505.86 requirements for removing an unsafe structure. Upon satisfying the requirements set forth by R.C. 505.86, the Board became authorized to enter upon Carstensen's land to remedy the defective conditions upon it. *See Shelton v. Twin Twp.*, 2015-Ohio-1602, 30 N.E.3d 1047 (12th Dist.) (where township followed requirements set forth in R.C. 505.86 for removing an unsafe structure, summary judgment as to wrongful demolition claim should have been granted

6.

in township's favor). As a result, Carstensen cannot establish a cause of action for trespass in this case.

{¶ 15} Because Carstensen's complaint fails to state a cause of action, either for trespass or for injunctive relief, and, further, because Carstensen failed to request the issuance of a praecipe for preparation of the record in this case pursuant to R.C. 2506.02, we find that the trial court did not err in granting the Board's motion to dismiss. Accordingly, Carstensen's sole assignment of error is found not well-taken.

**Conclusion**

{¶ 16} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.      _____
                                            JUDGE

Gene A. Zmuda, J.              _____

Myron C. Duhart , J.        JUDGE
CONCUR.

                                  _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.