## A91A1213. DEPARTMENT OF CORRECTIONS v. COLBERT.

(413 SE2d 498)

ANDREWS, Judge.

This appeal arose from actions of the trial court after the decision in *Department of Corrections v. Colbert*, 260 Ga. 255 (391 SE2d 759) (1990). *Colbert* affirmed the Superior Court's judgment which reversed the State Personnel Board's decision upholding the firing of Colbert from his position as fire chief at the Georgia State Prison in Reidsville.

Colbert was fired because he failed a routine drug screening conducted pursuant to a policy adopted by the warden of the prison without approval by the State Board of Corrections. In *Colbert*, supra, the Supreme Court found that, while such testing was not unconstitutional, as concluded by the superior court, the adoption of the policy without the board's approval was illegal and the dismissal could not stand.

The remittitur from the Supreme Court was filed by the superior court clerk on June 27, 1990, reinvesting that court with jurisdiction. On June 4, however, the court entered its "Judgment on Remittitur" making the Supreme Court decision the judgment of that court. That action, however, was a nullity, since the remittitur had not been received. *Marsh v. Way*, 255 Ga. 284 (336 SE2d 795) (1985). Pursuant to receipt of a remittitur, the receiving court's duty is to respect and carry into effect in good faith the ruling of the higher court. OCGA § 5-6-10.

Thereafter, on September 26, 1990, Colbert filed his "Motion for Modification (Clarification) of Judgment" premised on OCGA § 9-11-60 (h), pursuant to which the court issued a rule nisi and conducted a hearing on November 9, 1990, over the objections of the department.

In the motion, Colbert alleged he was entitled, under the superior court's decision reversing the Personnel Board decision of dismissal, to repayment for collateral source earnings during his discharge, housing costs while discharged, attorney fees, court costs and litigation expenses, enrollment in all state health and benefit plans, and that the court direct other state agencies, not involved in the original administrative proceeding, to grant Colbert a medical retirement.

1. The first two enumerations are that the court erred in holding a de novo hearing in an administrative appeal in violation of OCGA § 45-20-9 (m) and in issuing orders on matters not previously considered by the personnel board or appealed to the superior court.

OCGA § 45-20-9 sets out the procedure for appealing adverse personnel actions by a state department included in the career ser-

vice.[1] It provides that action by a department may be reviewed by instituting an appeal before the personnel board. Id. at (a). The board then issues its findings of fact and conclusions of law. Id. at (g). The party aggrieved by that decision "may seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment of the employee." Id. at (h). The petition instituting review must state the "grounds upon which the petitioner contends the decision or order should be reversed or remanded." Id. at (i).

Here, the grounds for review were that the policy underlying the dismissal was unconstitutional or enacted in violation of law because not approved by the Board of Corrections.

The superior court's review is restricted to the record made before the board and the only provision for supplementing the record is for the court to order additional evidence to be taken by the board. Id. at (l) & (m).

An employee must first present to the personnel board claims that the department has failed to abide by a court's ruling reversing the board's upholding of an employee's dismissal, including issues of back pay and other benefits. *State Personnel Bd. v. Morton*, 198 Ga. App. 845, 848 (1) (403 SE2d 455) (1991). There is no provision for de novo consideration of any issue by the superior court. Cf. *Georgia Power Co. v. Ga. Pub. Serv. Comm.*, 196 Ga. App. 572, 580 (5) (396 SE2d 562) (1990).

Further, OCGA § 9-11-60, a part of the Civil Practice Act, is not applicable to review of administrative actions and provides no basis for the court's actions. *Howell v. Harden*, 231 Ga. 594 (1) (203 SE2d 206) (1974).

Therefore, the court was without jurisdiction in this appellate proceeding to consider matters not yet ruled upon by the personnel board with regard to Colbert.

2. The holding in Division 1 makes unnecessary consideration of the remaining enumerations.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 21, 1991.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William F. Amideo, Assistant Attorney General*, for appellant.

---

[1] OCGA § 50-13-19 sets out similar provisions for reviewing other adverse agency actions.

*L. Lamar Murdaugh, Jr.*, for appellee.