**BUCHLER, d.b.a. Heights Realty, Appellant,**

v.

**OHIO DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, Appellee.**

[Cite as *Buchler v. Ohio Dept. of Commerce, Div. of Real Estate* (1996) 110 Ohio App.3d 20.]

Court of Appeals of Ohio,
Eighth District, County of Cuyahoga.

No. 69282.

Decided March 25, 1996.

*James M. Handelman,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Nancy H. Rogoff,* Assistant Attorney General, for appellee.

O'DONNELL, Judge.

Sidney Buchler, a real estate broker, appeals from an order of the common pleas court denying his motion for relief from judgment, thereby permitting enforcement of an order of the Ohio Department of Commerce, Division of Real Estate, suspending his real estate license. Because appellant failed to file a timely appeal pursuant to App.R. 4(A), this appeal must be dismissed.

In November 1991, Alice Turner contracted through appellant's agency to purchase property located at 1302 East 143 Street in East Cleveland from Willie Harris. She provided appellant a $1,500 earnest money deposit but did not proceed with the purchase. Appellant then returned her earnest money deposit and became the subject of an investigation by the Department of Commerce for failing to deposit earnest money funds in a trust account and for returning the deposit without the written consent of Harris. On October 27, 1993, the Ohio Real Estate Commission suspended appellant's license.

Appellant thereafter appealed to the common pleas court from the order of the Real Estate Commission, pursuant to R.C. Chapter 119, and on August 12, 1994, the court affirmed the agency's determination. Appellant, however, never appealed from that August 12, 1994 trial court judgment but instead filed a motion for relief from that judgment pursuant to Civ.R. 60(B) and requested a stay of proceedings. The trial court granted the stay at that time and on June 15, 1995 overruled the motion for relief from judgment and dissolved the stay. Appellant now appeals to our court from the June 15, 1995 order and assigns three errors for our review:

## I

"The court erred in allowing the ruling of the hearing officer for the division of real estate even though the hearing officer violated O.R.C. 4735.05(E) complaint procedure."

## II

"The ruling of the hearing officer was contrary to the weight of the evidence and was arbitrary and capricious."

## III

"The trial court abused its discretion in not granting a hearing on the facts in the case and in relying solely on the trial briefs."

In this instance, we are precluded from considering these assignments of error because this appeal is fundamentally defective.

App.R. 4(A) requires that a notice of appeal must be filed with the clerk of the trial court within thirty days of the date of the entry or order appealed from. In this case, however, the only notice of appeal filed by appellant is from the June 15, 1995 order of the common pleas court.

Our court also has previously determined that the Rules of Civil Procedure do not provide for a motion for relief from judgment in appeals to the common pleas

court from decisions of administrative agencies. See *Tozzi v. Bur. of Motor Vehicles* (June 8, 1978), Cuyahoga App. No. 37495, unreported. We reaffirm that holding today.

Civ.R. 1 defines the scope of the Rules of Civil Procedure, and Civ.R. 1(C)(7) provides:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings."

R.C. Chapter 119 relates to administrative procedures generally and sets forth specifically at R.C. 119.12 the statutory proceedings for these administrative appeals:

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified *on appeal.*" (Emphasis added.)

Because a motion for relief from judgment under Civ.R. 60(B) is inconsistent with this specific statutory provision and because R.C. 119.12 does not provide for a motion for relief from judgment of a court on an administrative appeal, Civ.R. 60(B) does not apply to administrative appeals, and the trial court in this instance lacked the ability to entertain the motion for relief from its original judgment.

Our decision in this regard is in accord with the ruling in *Giovanetti v. Ohio State Dental Bd.* (1990), 66 Ohio App.3d 381, 584 N.E.2d 66, where the court stated at 66 Ohio App.3d at 383, 584 N.E.2d at 67:

"[I]t is our opinion that Civ.R. 60(B) is inapplicable to the administrative appeal in the present case. It is clear, therefore, that appellant's motion for relief from judgment was a nullity that did not stay the time for filing a notice of appeal * * *."

Having determined that Civ.R. 60(B) does not apply to an administrative appeal under R.C. 119.12, we hold that Buchler's motion for relief from judgment has no legal significance. Accordingly, we conclude that appellant failed to file a timely notice of appeal from the August 12, 1994 trial court judgment, and, therefore, our court has no jurisdiction to consider this appeal.

*Appeal dismissed.*

BLACKMON, P.J., and PORTER, J., concur.