2000 ND 77

Vicki LEWIS, Claimant and Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,**

and

**Investment Centers of America, Respondent.**

No. 990300.

Supreme Court of North Dakota.

April 25, 2000.

Stephen D. Little, Dietz, Little & Haas, Bismarck, N.D., for claimant and appellant.

Tracy Vigness Kolb, Special Assistant Attorney General, Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] Vicki Lewis appealed from an order denying her N.D.R.Civ.P. 60(b) motion for relief from a judgment affirming a Workers Compensation Bureau order awarding her benefits. We conclude N.D.R.Civ.P. 60(b) does not apply to a district court's review of an appeal from a Bureau decision, and we dismiss the appeal.

I

[¶ 2] Lewis filed a claim for workers compensation benefits alleging she was injured on June 13, 1996, while employed at Investment Centers of America in Bis-

marck. Lewis stated the nature of her injury was throat nodules caused by overuse of her voice. The Bureau determined Lewis's injury was not work-related, and dismissed her claim. Lewis requested a rehearing, and a formal administrative hearing was held. The administrative law judge ("ALJ") recommended finding Lewis had sustained a compensable injury and was entitled to appropriate workers compensation benefits. The Bureau adopted the ALJ's recommendations on June 23, 1998, but made additional findings and conclusions denying Lewis any disability benefits after November 18, 1996, when she left her employment. Lewis petitioned for reconsideration, which was denied by the Bureau.

[¶ 3] On September 1, 1998, Lewis appealed the Bureau's June 23, 1998 order to district court, challenging the Bureau's limitation of her disability benefits. On December 22, 1998, about one week before the district court ruled on Lewis's appeal, this Court decided *Scott v. North Dakota Workers Compensation Bureau,* 1998 ND 221, ¶¶ 18, 22, 587 N.W.2d 153, in which we held ex parte contacts between the Bureau's outside counsel and the Bureau official who had rejected the ALJ's recommendation violated N.D.C.C. § 28–32–12.1(3), requiring reinstatement of the ALJ's recommendation. On December 28, 1998, the district court affirmed the Bureau's order on Lewis's claim and notice of entry of judgment was filed on January 19, 1999.

[¶ 4] On February 9, 1999, Lewis moved the district court for relief from the January 1999 judgment under N.D.R.Civ.P. 60(b). Lewis alleged there was "fraud, misrepresentation or misconduct of the Workers Compensation Bureau in allowing improper ex parte contact, whether direct or indirect," between the Bureau's director of claims and its outside counsel, and requested the court reinstate the ALJ's recommended decision under the reasoning of *Scott.* On February 24, 1999, the district court ordered "any ex[ ]parte contacts be-

tween the Bureau's decision-maker and the Bureau's litigation counsel should be disclosed and made part of the certified record." After the Bureau disclosed the ex parte communications, the court, on June 28, 1999, denied Lewis's motion for relief from judgment "because she failed to raise the issue about ex parte communications in her specifications of error and did not preserve the issue for appeal to the district court."

[¶ 5] On October 1, 1999, Lewis appealed from both the January 1999 judgment affirming the Bureau's decision and the June 28, 1999 order denying her Rule 60(b) motion for relief from judgment. In an unpublished order, we dismissed Lewis's appeal from the January 1999 judgment because it was untimely, but allowed the parties to submit briefs "addressing whether a 60(b) motion is available in an administrative proceeding and, if so, whether the trial court erred in denying the 60(b) motion."

## II

[¶ 6] Determining whether N.D.R.Civ.P. 60(b) applies in an administrative appeal to district court requires an examination of the interplay between the relevant statutory appeal procedures and the Rules of Civil Procedure.

[¶ 7] The right of appeal is governed by statute. *Davis v. State Job Service,* 365 N.W.2d 497, 499 (N.D.1985). The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, controls appeals of Bureau decisions to the district court. N.D.C.C. § 65–10–01. The Rules of Civil Procedure "do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes." N.D.R.Civ.P. 81(b). Thus, N.D.R.Civ.P. 60(b) would be applicable on an appeal to district court from a Bureau decision unless Rule 60(b) is inconsistent with the statutory procedures. *See Lende v. North*

*Dakota Workers Compensation Bureau,* 1997 ND 178, ¶ 30, 568 N.W.2d 755; *Reliance Ins. Co. v. Public Service Commission,* 250 N.W.2d 918, 920–22 (N.D.1977).

■ [¶ 8] An appeal from an administrative agency to the district court invokes that court's appellate jurisdiction. *Gregory v. North Dakota Workers Compensation Bureau,* 1998 ND 94, ¶ 7, 578 N.W.2d 101. The scope of review and the procedure for appeals to district court from administrative decisions is set forth in N.D.C.C. § 28–32–19:

A judge of the district court must review an appeal from the determination of an administrative agency based only on the record filed with the court. After a hearing, the filing of briefs, or other disposition of the matter as the judge may reasonably require, the court must affirm the order of the agency unless it shall find that any of the following are present:

1.  The order is not in accordance with the law.
2.  The order is in violation of the constitutional rights of the appellant.
3.  Provisions of this chapter have not been complied with in the proceedings before the agency.
4.  The rules or procedure of the agency have not afforded the appellant a fair hearing.
5.  The findings of fact made by the agency are not supported by a preponderance of the evidence.
6.  The conclusions of law and order of the agency are not supported by its findings of fact.

If the order of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the order of the court.

■ [¶ 9] The appeal statute specifically limits a district court's appellate review to the administrative agency record filed with the court, and requires affirmance unless one of six conditions is met. If the court does not affirm, the court is limited to modifying or reversing the decision, and remanding to the agency for appropriate disposition. Although N.D.C.C. § 28–32–18 allows a party to apply to the court in which an administrative appeal is pending for leave to adduce additional evidence, if leave is granted the court does not consider the additional evidence, but may only remand to the agency for the agency to consider the evidence. *See Flink v. North Dakota Workers Compensation Bureau,* 1998 ND 11, ¶ 21, 574 N.W.2d 784. The district court is forbidden from considering evidence which has not been presented to the administrative agency. *See Otto v. North Dakota Workers Compensation Bureau,* 533 N.W.2d 703, 705 (N.D.1995). Appeals to this Court are authorized only from "[t]he judgment of the district court in an appeal from an order ... of an administrative agency." N.D.C.C. § 28–32–21. *See Center State Bank, Inc. v. State Banking Bd.,* 276 N.W.2d 132, 134 (N.D.1979).

■ [¶ 10] Rule 60(b) permits a party to move to set aside a judgment for various reasons, and provides courts with discretionary powers " 'to relieve the oppressed from the burden of judgments unfairly, fraudulently or mistakenly entered.' " *In re Estate of Jensen,* 162 N.W.2d 861, 873 (N.D.1968) (quoting *Edwards v. Velvac, Inc.,* 19 F.R.D. 504, 507 (E.D.Wis.1956)). Rule 60(b) is remedial in nature, *United Accounts, Inc. v. Lantz,* 145 N.W.2d 488, 493 (N.D.1966), and requires a court to balance the concept of res judicata and the very strong public policy concern for the finality of judgments against the desire to do justice. *Hamilton v. Hamilton,* 410 N.W.2d 508, 510 (N.D.1987). Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the challenged judgment because the rendering court will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from the judgment. 11

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2865, at pp. 377–78 (1995). Because the trial court ordinarily has presided over the proceedings leading to the challenged judgment and because of the trial court's fact-finding capabilities, we have said the trial court is in a much better position than an appellate court, which must rely on a cold record, to pass upon the issues presented in a Rule 60(b) motion. *See Buzzell v. Libi,* 340 N.W.2d 36, 41 (N.D.1983).

[¶ 11] In view of the district court's purely appellate function in the administrative process and the nature of a motion for relief from judgment, we conclude Rule 60(b) is inconsistent with the statutory appeal procedures of the Administrative Agencies Practice Act. Section 28–32–19, N.D.C.C., contains specific limitations on a court's powers of adjudicative disposition, and nothing in the statute grants a court the power to revisit its judgment. Applying Rule 60(b), which is a rule of trial procedure, to an administrative appeal, which invokes the court's appellate jurisdiction, is not only awkward in a theoretical sense, but would allow the court powers prohibited by the statute. A district court on a Rule 60(b) motion in an administrative appeal would become a trier of fact, could engage in a trial de novo, and could consider evidence which was not presented to the administrative agency, all of which are beyond the powers granted to the court by N.D.C.C. § 28–32–19. Relief similar to that afforded by Rule 60(b) is provided at the administrative fact-finding level by N.D.C.C. § 28–32–14, which allows a party to petition the administrative agency for reconsideration of a final order. *See Boger v. North Dakota Workers Compensation Bureau,* 1998 ND 131, ¶¶ 12, 18, 581 N.W.2d 463. We believe Rule 60(b) relief is no more appropriately sought in a district court exercising appellate jurisdiction than it would be in this Court when we exercise our appellate jurisdiction.

[¶ 12] Caselaw from other jurisdictions addressing this specific issue is sparse. We agree with the courts which hold a motion for relief from judgment under rules comparable to our Rule 60(b) is inapplicable to an administrative appeal. *See, e.g., Department of Corrections v. Colbert,* 202 Ga.App. 27, 413 S.E.2d 498, 500 (1991); *Buchler v. Ohio Dept. of Commerce,* 110 Ohio App.3d 20, 673 N.E.2d 611, 612–13 (1996); *Garfield Hts. School Dist. v. Bd. of Education,* 85 Ohio App.3d 117, 619 N.E.2d 429, 432 (1992); *Giovanetti v. Ohio State Dental Board,* 66 Ohio App.3d 381, 584 N.E.2d 66, 67 (1990); 2 Am.Jur.2d *Administrative Law* § 573 (1994); *but see Schaal v. Commissioner of Social Sec.,* 969 F.Supp. 822, 836 (N.D.N.Y.1996), *vacated on other grounds,* 134 F.3d 496 (2nd Cir.1998). We recognize that in *Vernon v. North Dakota Workers Compensation Bureau,* 1999 ND 153, ¶¶ 26–27, 598 N.W.2d 139, we affirmed on the merits the district court's denial of Rule 60(b) relief under circumstances similar to those in this case. However, applicability of Rule 60(b) relief was not raised as an issue in *Vernon,* and therefore, *Vernon* is not precedent for the proposition Rule 60(b) relief is available in an administrative appeal. *See United Pac. Ins. Co. v. Aetna Ins. Co.,* 311 N.W.2d 170, 174 n. 2 (N.D.1981). Lewis's reliance on *State by Workers Compensation Bureau v. Kostka Food Service, Inc.,* 516 N.W.2d 278 (N.D. 1994), is misplaced because no administrative appeal was involved.

[¶ 13] We conclude Rule 60(b) is inapplicable to an administrative appeal to district court.

### III

[¶ 14] Because Rule 60(b) does not apply to administrative appeals, Lewis's motion was, in effect, a nullity, and the trial court lacked the ability to entertain it. Therefore, we dismiss the appeal.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable CAROL RONNING KAPSNER disqualified herself subsequent to oral argument and did not participate in this decision.