2010 ND 41

**Ines M. DUNN, Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

No. 20090317.

Supreme Court of North Dakota.

March 16, 2010.

Danny Lee Herbel, Bismarck, ND, for plaintiff and appellant.

Michael Trent Pitcher, Assistant Attorney General, Office of the Attorney General, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Ines Dunn appeals from a district court judgment affirming the North Dakota Department of Transportation's revocation of her driving privileges for one year and denying her request for costs and attorney's fees. We affirm.

I

[¶ 2] Dunn was arrested for driving under the influence of an intoxicating liquor on January 1, 2009. On January 2, 2009, Dunn requested a hearing on the proposed suspension of her driving privileges. Dunn's request was made through her attorney, and a hearing was scheduled for 4:00 p.m. on January 20, 2009. In an unknown sequence on January 20, 2009, Dunn fired her attorney and her attorney's secretary called the Department, cancelling Dunn's 4:00 p.m. hearing. Following the cancellation but before the scheduled time for Dunn's hearing, the chief hearing officer drafted a decision, stating that Dunn withdrew her hearing request and that no decision was made. Dunn arrived at the Department of Transportation at 3:40 p.m. for her hearing, but she was turned away without a hearing because the hearing had been cancelled and the paperwork was completed. Dunn again requested a hearing by letter dated February 19, 2009, and the chief hearing officer re-

sponded stating, "The deadline for a hearing based on your January 1, 2009, arrest was January 31, 2009. No hearing will now be held."

[¶ 3] Dunn applied for a writ of mandamus from the district court, requesting an order requiring the Department to hold a hearing regarding the revocation of her driving privileges. The district court determined Dunn was entitled to relief and ordered the Department to conduct a hearing within fourteen days of June 12, 2009.

[¶ 4] The Department held a hearing on June 24, 2009. Dunn appeared and submitted a motion to dismiss, arguing her driving privileges should be reinstated because the hearing was not timely held in relation to her arrest on January 1, 2009. Dunn's motion was denied by the hearing officer, who indicated the Department would comply with the district court's order that a hearing be held. The only witness called at the hearing was Dunn's arresting officer, Sergeant Gary Schaffer with the Burleigh County Sheriff's Department. Dunn's attorney made many objections to officer Schaffer's testimony and repeatedly asked the hearing officer for an explanation why the objections were overruled. Dunn took offense to one of the hearing officer's explanations. The hearing officer apologized, but informed Dunn that no more time would be spent explaining why Dunn's repetitive objections were overruled and that the issue could be taken up on appeal if Dunn was dissatisfied with the explanations. At the conclusion of the hearing, the hearing officer determined Dunn had refused to consent to a blood draw and revoked her driving privileges for one year.

[¶ 5] Dunn appealed the Department's revocation to the district court, assigning error to the timing of her administrative hearing, claiming she was denied a full and fair hearing and seeking costs and attorney's fees. The district court initially entered a judgment granting Dunn's appeal "for the sole reason that the [Department] failed to file a timely response to the appeal." The Department moved for reconsideration, arguing its reply brief was timely because Dunn served her brief on the Department by mail, resulting in three additional days of response time. Based on the Department's argument, the district court vacated its initial order and judgment, doing so without analysis or statement of authority. On September 29, 2009, the district court dismissed Dunn's appeal and upheld the revocation of her driving privileges, finding that Dunn's hearing was timely held because it complied with the district court's writ of mandamus, that the hearing officer was not biased against Dunn and that costs and attorney's fees were not appropriate. Dunn timely filed this appeal.

II

[¶ 6] Dunn argues the Department's order revoking her privileges is not in accordance with the law because her hearing did not take place within 30 days of her arrest and because the Department did not have a compelling reason for the delay. This Court reviews an administrative revocation of a driver's license under N.D.C.C. § 28-32-46, which requires the affirmance of the agency's order unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

[¶ 7] After Dunn's January 20, 2009 hearing was cancelled and she was notified by the Department that a hearing would not be held, she applied for a peremptory writ of mandamus from the Burleigh County District Court. Dunn's application requested an order requiring the Department to hold an administrative hearing on the revocation of Dunn's driving privileges. On June 12, 2009, the district court ordered the Department to "hold an administrative hearing for Petitioner Dunn expeditiously and not later than fourteen (14) days from the date of this Order."

[¶ 8] The Department held Dunn's hearing on June 24, 2009. At the outset of her hearing, Dunn moved for dismissal, claiming the hearing was not timely held. The Department cited the district court's order and proceeded with the hearing, eventually revoking Dunn's driving privileges. Dunn appealed the timeliness of her hearing to the district court, which upheld the revocation and ruled, "The issues regarding whether [Dunn] should have had a hearing on January 20, 2009 were resolved by the [district court's] Order date June 12, 2009 and are res judicata." Dunn advances the same timeliness argument on this appeal.

■■ [¶ 9] "Res judicata ... prohibits relitigation of claims that were raised or could have been raised in a prior proceeding between the same parties or their privies, and which were resolved by a final judgment in a court of competent jurisdiction." *Cridland v. N.D. Workers Comp. Bureau,* 1997 ND 223, ¶ 17, 571 N.W.2d 351. While the district court may have properly determined res judicata prevented its review of Dunn's timeliness argument, we are unable to perform the same legal analysis because of the scant record on review. We do not have Dunn's application for a writ; we do not have the parties' arguments concerning the propriety of issuing a writ; we do not have a transcript of the hearing concerning the writ; and we do not have any of the evidence considered by the district court. We have only the district court's order reciting Dunn's requested relief and directing the Department to grant Dunn a hearing. The information we do have, however, is sufficient to apply judicial estoppel and affirm the Department's ruling that Dunn's hearing was timely.

■■ [¶ 10] "Judicial estoppel prohibits a party from assuming inconsistent or contradictory positions during the course of litigation." *BTA Oil Producers v. MDU Res. Group, Inc.,* 2002 ND 55, ¶ 14, 642 N.W.2d 873. The doctrine protects the integrity of the judicial process by preventing litigants from prevailing twice on contradictious legal theories. *Id.; see also New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (applying and describing judicial estoppel). This Court has consistently assumed, without deciding, the doctrine of judicial estoppel applies in North Dakota. *See DeMers v. DeMers,* 2006 ND 142, ¶¶ 18–19, 717 N.W.2d 545 (wife's failure to request spousal support at trial would not judicial-

ly estop her from seeking increased spousal support on appeal because wife's unsolicited award of support came in lieu of her request for equal distribution of marital estate and because property division and spousal support are intertwined); *Ingebretson v. Ingebretson*, 2005 ND 41, ¶¶ 16–18, 693 N.W.2d 1 (wife would not have been judicially estopped from seeking permanent spousal support following trial because her position was not entirely inconsistent with her trial testimony seeking temporary support); *Meide v. Stenehjem ex rel. State of N.D.*, 2002 ND 128, ¶¶ 13–15, 649 N.W.2d 532 (building owner would not be judicially estopped from seeking declaratory judgment determining the amount owed asbestos abatement subcontractors because previously executed settlement agreement required payment but did not specify amount); *BTA Oil Producers*, 2002 ND 55, ¶¶ 13–18, 642 N.W.2d 873 (natural gas distributer would not be judicially estopped from challenging natural gas producer's claims of unjust enrichment and implied trust because distributer's arguments in separate federal action were not admissions inconsistent with the defenses raised in current state action).

[¶ 11] In her application for a writ of mandamus, Dunn argued the proper remedy was ordering the Department to provide her a hearing posthaste. When the district court granted Dunn's request and ordered a hearing within 14 days, Dunn changed her position and argued to the Department the proper remedy was dismissal of the action and reinstatement of her driving privileges because the Department's hearing was untimely. Dunn's inconsistent and contradictory positions demonstrate the type of legal maneuvering detrimental to the integrity of the judicial process, and for which we apply the doctrine of judicial estoppel to prevent Dunn's timeliness challenge. The Department's ruling that Dunn's hearing was timely held is in accordance with the law because Dunn is judicially estopped from assuming contrary legal positions in her application for a writ of mandamus and in her appeal to this Court.

## III

[¶ 12] Dunn argues the Department's revocation order should be reversed because her due process rights were violated when the hearing officer treated her disrespectfully and unfairly. Due process in administrative proceedings requires a fair hearing before a fair tribunal. *Mun. Servs. Corp. v. State*, 483 N.W.2d 560, 562 (N.D.1992). At a minimum, this requires the proceedings be overseen by an impartial fact-finder. *Id.* A fact-finder is not impartial if the fact-finder prejudges the case, if the fact-finder harbors an actual bias towards a participant or if a high probability exists the fact-finder harbors bias towards a participant. *Id.* at 563 (prejudgment); *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954) (actual bias); *Domek v. N.D. State Pers. Bd.*, 430 N.W.2d 339, 344 (N.D.1988) (high probability of actual bias).

[¶ 13] Dunn does not argue that the hearing officer prejudged the case, that he was biased or that it was highly likely he was biased. Instead, she references an exchange between her attorney and the hearing officer, claiming comments made by the hearing officer were unprofessional, disrespectful and exhibited a lack of impartiality. While the hearing officer's comments may have demonstrated impatience with counsel's numerous objections, Dunn has not established a sufficient basis for concluding the hearing officer was biased. *See Schadler v. Job Serv. N.D.*, 361 N.W.2d 254, 258 (N.D.1985) (holding inartful comments are insufficient basis to establish bias). Dunn's constitutional right

to due process was not violated by the comments of the hearing officer.

## IV

[¶ 14] Dunn argues the district court did not have the authority to vacate its initial judgment reinstating her driving privileges. Dunn appealed the revocation of her driving privileges to the district court on June 29, 2009, arguing her hearing was not timely held and her due process rights were violated. The district court established a scheduling order, indicating that Dunn's brief was due by August 10, 2009 and that the Department's brief was due within ten days after service of Dunn's brief. On August 10, 2009, Dunn filed her brief with the district court and served a copy by mail on the Department. On August 25, 2009, the district court issued an order granting Dunn's appeal and reversing the Department's revocation "for the sole reason that the [Department] failed to file a timely response to the appeal." The Department served Dunn with its brief by mail on August 25, 2009, and the district court received the Department's brief on August 26, 2009.

[¶ 15] On September 2, 2009, the district court entered its judgment reinstating Dunn's driving privileges. On September 3, 2009, the Department moved for reconsideration, arguing its brief was timely filed because Dunn's use of the mail to serve the Department allowed the Department three additional days of response time. On October 7, 2009, the district court vacated its earlier order and judgment and affirmed the revocation of Dunn's driving privileges.

[¶ 16] Appeals from an administrative agency's decisions are governed by the Rules of Civil Procedure if the rules are consistent with the Administrative Agencies Practice Act. *Lewis v. N.D. Workers Comp. Bureau,* 2000 ND 77, ¶ 7,

609 N.W.2d 445. Under the rules, the day of the act or event initiating a deadline is excluded from the prescribed time limits. N.D.R.Civ.P. 6(a). Here, the Department was served with Dunn's brief when she placed it in the mail on August 10, 2009, meaning the ten-day deadline began on August 11, 2009. Also under the rules, when a prescribed deadline is shorter than eleven days, "intermediate Saturdays, Sundays, and legal holidays must be excluded in the computation." *Id.* Thus, the ten days prescribed by the district court extended the Department's permissible response date to August 24, 2009. The rules also allow an additional three days of response time when a deadline is initiated by service and service is made by mail. N.D.R.Civ.P. 6(e)(1). Dunn served the Department by mail; therefore, the ten-day deadline imposed by the district court expired on August 27, 2009. The district court erred when it found that the Department had not filed a timely response on August 25, 2009, because the Department had until August 27, 2009 to reply and in fact did reply by that date. To remedy its error, the district court promptly vacated its mistaken order and judgment.

[¶ 17] Dunn argues our holding in *Lewis* prevented the district court from using N.D.R.Civ.P. 60(b) to vacate its order and judgment because Rule 60(b) is not available to district courts serving in an appellate capacity for administrative appeals. 2000 ND 77, ¶ 13, 609 N.W.2d 445. Dunn's application of *Lewis* is too restrictive because the actions taken by the district court were procedural and were supported by the underlying logic of *Lewis. Id.* at ¶ 11.

[¶ 18] In *Lewis,* a former employee appealed the bureau's limitation of her worker's compensation benefits. 2000 ND 77, ¶ 3, 609 N.W.2d 445. After the district court denied her appeal and upheld

the limitation, Lewis moved under N.D.R.Civ.P. 60(b) for the district court to reconsider its denial based on new evidence that had become relevant through recent case law. *Lewis*, at ¶ 4. The district court denied Lewis' motion, and Lewis appealed. *Id.* at ¶¶ 4–5. We determined Rule 60(b) was not applicable to administrative appeals to the district court because the Administrative Agencies Practice Act does not allow district courts serving in an appellate function to review the substance of an agency's determination based on evidence not before the agency. *Lewis*, at ¶ 11. While the consideration of new evidence in *Lewis* was a substantive issue, the actions of the district court in this case were procedural, involving that court's interpretation of its scheduling order. *Id.*

[¶ 19] Our holding in *Lewis* was founded on the recognition that the Administrative Agencies Practice Act "contains specific limitations on a court's powers of adjudicative disposition." 2000 ND 77, ¶ 11, 609 N.W.2d 445. The same limitations that prevented the district court in *Lewis* from revisiting its judgment for substantive reasons provided authority for the district court in this case to revisit its judgment for procedural reasons. *Id.* Section 28–32–46, N.D.C.C., provides,

> "A judge of the district court must review an appeal from the determination of an administrative agency based only on the record filed with the court. After a hearing, the filing of briefs, or other disposition of the matter as the judge may reasonably require, the court must affirm the order of the agency unless [one of eight conditions is met]."

[¶ 20] By allowing district courts the ability to dispose of matters as reasonably required, the Administrative Agencies Practice Act allows for procedural leniency in administrative appeals to the district court. N.D.C.C. § 28–32–46. The readily evident procedural error of this case makes it ideally suited for just such latitude, and the district court did not act unreasonably when it promptly vacated the premature judgment. The district court acted within the authority granted by the Administrative Agencies Practice Act when it vacated its judgment reinstating Dunn's driving privileges and subsequently entered a judgment affirming revocation of the same.

### V

[¶ 21] Dunn argues the six-month delay of her administrative hearing entitles her to costs and attorney's fees. In administrative proceedings, the non-agency party must be awarded reasonable costs and attorney's fees if the court rules in their favor and if the administrative agency acted without substantial justification. N.D.C.C. § 28–32–50(1). An administrative agency's action has substantial justification when it has a reasonable basis in law and fact. *Peterson v. N.D. Dept. of Transp.*, 518 N.W.2d 690, 696 (N.D.1994). For the reasons discussed in this opinion, costs and attorney's fees are not appropriate.

### VI

[¶ 22] We affirm the district court's judgment upholding the Department's revocation of Dunn's driving privileges and denying her request for costs and attorney's fees.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.