2015 ND 299

**Casey Jerald WASHBURN, Appellee and Cross–Appellant**

v.

**Grant LEVI, Director Department of Transportation, Appellant and Cross–Appellee.**

No. 20150149.

Supreme Court of North Dakota.

Dec. 22, 2015.

Nathan D. Severson (argued) and Luke T. Heck (on brief), Fargo, ND, for appellee and cross-appellant.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellant and cross-appellee.

VANDE WALLE, Chief Justice.

[¶1] The Department of Transportation appealed, and Casey Washburn cross-appealed, from a district court order reversing the Department of Transportation's revocation of Washburn's driver's license. We affirm.

I

[¶2] During a patrol, a Jamestown police officer encountered a vehicle parked along a residential street with its door ajar. Upon approaching the vehicle, the officer discovered Washburn asleep in the driver's seat. After waking Washburn, the officer detected an alcoholic odor that became stronger as the officer conversed with Washburn. The officer asked Washburn to perform field sobriety testing, which he refused. The officer arrested Washburn on suspicion of being in actual physical control of a vehicle while intoxicated.

[¶3] The officer transported Washburn to the law enforcement center, at which the officer apprised Washburn of the implied consent advisory multiple times. After each reading, Washburn told the officer he did not understand the advisory and would not understand the advisory no matter how many times the officer read it to him. The officer informed Washburn he considered Washburn to have refused chemical testing. Washburn responded saying he was not refusing, although he never stated he would submit to testing. There is no evidence in the record indicating whether Washburn took a chemical test.

[¶ 4] Based upon this refusal, the Department of Transportation ("Department") sought to revoke Washburn's driver's license. Washburn requested an administrative hearing. The arresting officer testified that, in the police report, he noted Washburn requested to speak with an attorney. The arresting officer, however, offered conflicting accounts of Washburn's purported request for an attorney at the administrative hearing. In response to an initial question of whether Washburn requested to call an attorney, the arresting officer testified Washburn only informed center staff he requested to make a phone call, which the officer assumed to be to an attorney. The officer testified he sought clarification and asked Washburn if he wanted to call an attorney. Washburn responded he wanted to call his father. Because he was unsure whether Washburn wanted to call an attorney, his father, or both, the arresting officer testified he began making arrangements so Washburn could call whomever he pleased. In response to a later question, the arresting officer answered in the affirmative when asked if, in addition to calling his father, Washburn also indicated he wanted to talk to an attorney. The officer testified law enforcement center staff informed Washburn he would not be able to make any calls until they completed the booking process. There is no evidence in the record showing whether Washburn made any phone calls.

[¶ 5] After receiving this and other testimony, the hearing officer concluded probable cause existed to believe Washburn was in actual physical control of the vehicle while intoxicated. In considering whether Washburn received an adequate opportunity to consult with counsel after his purported request to do so, the hearing officer found:

Washburn told [the arresting officer] and the jailer that he wanted to speak to an attorney. [The arresting officer] inquired further about Washburn's request to speak to an attorney and Washburn then indicated that he actually wanted to call his father. . . . When Washburn asked to speak to an attorney, it was after he refused by his actions to take the test. There was no evidence that Washburn wanted to speak to an attorney for the purposes of determining whether he should take the chemical test. The purpose of his request to speak to an attorney [was] vague.

Based upon this information, the hearing officer concluded there was no violation of Washburn's qualified statutory right to speak with counsel. The hearing officer concluded the Department established all elements necessary to revoke Washburn's driver's license, and the hearing officer revoked Washburn's driver's license for 180 days. The hearing officer also denied Washburn's request for attorney's fees.

[¶ 6] Washburn appealed to the district court, arguing the hearing officer erred in concluding probable cause existed to believe Washburn was in actual physical control of the vehicle while intoxicated and there was no violation of his statutory right to speak with counsel. The district court concluded there was no violation of Washburn's qualified statutory right to consult with counsel. The court, however, reversed the hearing officer's conclusion probable cause existed to believe Washburn was in actual physical control of the vehicle because the hearing officer failed to adequately address the evidence presented by Washburn. The court denied Washburn's request for attorney's fees and entered an order reversing the revocation of Washburn's driver's license.

## II

■ [¶ 7] Washburn argues the district court erred in affirming the hearing officer's conclusion there was no violation of his qualified statutory right to consult with counsel. On appeal, this Court's "review of an administrative suspension of a person's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32." *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 12, 682 N.W.2d 308. Our standard of review is the same as that of the district court. N.D.C.C. § 28-32-49. We will affirm an agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

■ [¶ 8] Before deciding whether to submit to chemical testing, an individual has a qualified statutory right to consult with an attorney. N.D.C.C. § 29-05-20. "[I]f an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test." *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 290 (N.D.1987). A failure to provide a reasonable opportunity to consult with counsel after the arrestee requests as much disallows the Department from revoking the arrestee's driver's license under N.D.C.C. ch. 39-20 based upon the arrestee's refusal to submit to chemical testing. *Id.*

[¶ 9] In determining whether an arrestee requested an attorney for purposes of determining whether to consent to chemical testing, we have done away with case-by-case determinations that are often a matter of subjectiveness. In *Baillie v. Moore,* we articulated a self-described bright-line standard against which a purported request for an attorney should be judged:

[W]e hold that if a DUI arrestee, upon being asked to submit to a chemical test, responds with any mention of a need for an attorney—to see one, to talk to one, to have one, etc.—the failure to allow the arrestee a reasonable opportunity to contact an attorney prevents the revocation of his license for refusal to take the test. A refusal to take the test under these conditions is not the affirmative refusal necessary to revoke a license under § 39-20-04, N.D.C.C.

522 N.W.2d 748, 750 (N.D.1994). Under this standard, if "the arrestee responds with any affirmative mention of a need for an attorney, law enforcement personnel must assume the arrestee is requesting an opportunity to consult with an attorney and must allow a reasonable opportunity to do so." *Id.*

## A

[¶ 10] The parties dispute the circumstances surrounding Washburn's purported request for an attorney, with Washburn arguing his comments qualified as an affirmative mention of an attorney satisfying *Baillie* and the Department arguing his comments were insufficient to do so. Here, the record is convoluted, in large part, because of the inconsistencies in the arresting officer's recollection of his conversation with Washburn. The arresting officer testified that, in the police report, he noted Washburn requested to speak with an attorney. Under cross-examination at the administrative hearing, the arresting officer also answered in the affirmative when asked if Washburn requested an attorney. However, the arresting officer also testified Washburn only requested to make a phone call, not that he requested to call an attorney, although the officer assumed Washburn wanted to call an attorney. In order to clarify Washburn's request, the arresting officer testified he asked Washburn if he wanted to call an attorney, to which Washburn responded he wanted to call his father. Still unsure about Washburn's request, the officer began, but did not complete, the process of securing a telephone for Washburn. Based upon the presented testimony, the hearing officer concluded: "Washburn told [the arresting officer] and the jailer that he wanted to speak to an attorney. [The arresting officer] inquired further about Washburn's request to speak to an attorney and Washburn then indicated that he actually wanted to call his father."

[¶ 11] Because the parties dispute the contents of Washburn's conversation with the arresting officer, we must address whether the evidence supports the hearing officer's finding of fact that Washburn requested to consult with counsel. Under our standard of review, we will affirm an agency's finding of fact unless such finding is not supported by a preponderance of the evidence. N.D.C.C. § 28-32-46(5). In deciding whether a preponderance of the evidence supports a finding, "we do not re-weigh the evidence or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Leno v. N.D. Dep't of Transp.*, 2008 ND 10, ¶ 9, 743 N.W.2d 794 (internal citation omitted). Although the arresting officer offered contradictory testimony, a preponderance of the evidence supports the hearing officer's factual finding that Washburn requested to speak with an attorney.

## B

[¶ 12] Despite its findings, the hearing officer concluded Washburn's statutory right to counsel was not violated, and the district court affirmed this conclusion. We disagree because these conclusions are not in accordance with the law as set forth in *Baillie* and are not supported by the agency's findings of fact. As discussed above, the hearing officer found, as a matter of fact, "Washburn told [the arresting officer] and the jailer that he wanted to speak to an attorney." Under *Baillie*, a mention of an attorney required the officers to assume Washburn was requesting to speak with an attorney and required the officers to afford him a reasonable opportunity to do so. "There are no bright line rules for determining whether a 'reasonable opportunity' to consult with an attorney has been afforded; rather, the determination of whether a reasonable opportunity has been provided turns on an objective review of the totality of the circumstances." *Lies v. N.D. Dep't of Transp.*, 2008 ND 30, ¶ 10, 744 N.W.2d 783. The arresting officer testified he be-

gan, but never completed, the process of securing a telephone for Washburn's use. Rather, the arresting officer entrusted law enforcement center staff with ensuring Washburn received an opportunity to consult with counsel. Nothing in the record evidences law enforcement staff afforded Washburn this reasonable opportunity, and the Department does not argue to the contrary on appeal. Under *Baillie*, this failure precluded Washburn's refusal to submit to chemical testing from constituting grounds to revoke his driver's license under N.D.C.C. ch. 39–20.

[¶ 13] However, the Department argues Washburn's request for an attorney was insufficient under *Baillie* because it was ambiguous. An arrestee's statutory right to request to speak with an attorney must be unambiguous. *Kasowski v. N.D. Dep't of Transp.*, 2011 ND 92, ¶ 14, 797 N.W.2d 40. "An arrestee cannot complain about a law enforcement officer's reasonable interpretation of the arrestee's ambiguous statements." *Id.* (quoting *Lange v. N.D. Dep't of Transp.*, 2010 ND 201, ¶ 7, 790 N.W.2d 28). However, even when a request for an attorney is ambiguous, it is incumbent upon law enforcement to seek clarification of the ambiguity before denying the statutory right to counsel. *See City of Grand Forks v. Risser*, 512 N.W.2d 462, 464 (N.D.1994) (noting "[a]n officer who deems a request to be ambiguous should attempt to clarify the matter with the driver.").

[¶ 14] To support its argument, the Department analogizes this case to *Kasowski v. N.D. Dep't of Transp.*, 2011 ND 92, 797 N.W.2d 40. In *Kasowski*, we considered whether various statements qualified as an affirmative mention of an attorney under *Baillie*. In *Kasowski*, an officer arrested Kasowski on suspicion of driving under the influence. *Id.* at ¶ 2. Prior to the arrest, Kasowski requested to speak with an attorney. *Id.* After transporting Kasowski to the jail, the arresting officer notified Kasowski he would be able to contact his attorney. *Id.* at ¶ 12. Kasowski responded by saying he would be unable to contact his attorney because it was too late in the night. *Id.* Based upon his exchange with Kasowski, the arresting officer understood Kasowski no longer wanted to speak with an attorney. *Id.* The hearing officer found, as a matter of fact, the arresting officer's understanding was reasonable under the circumstances. *Id.* at ¶ 13. Because of Kasowski's contradictory statements, we held Kasowski's subsequent comment rendered his initial request ambiguous so that he could not complain of the officer's reasonable interpretation of his statements. *Id.* at ¶ 14. Due to this ambiguity, and the arresting officer's reasonable construction of such, Kasowski's initial request for counsel was ineffective under *Baillie*. *Kasowski*, at ¶¶ 13–14.

[¶ 15] Based upon the totality of Washburn's comments, the Department argues "it can be reasonably inferred Washburn no longer wanted to pursue consulting with an attorney." Under the reasoning set forth in *Kasowski*, the Department contends Washburn's initial request for counsel was ambiguous. We disagree because the facts in this case are distinguishable from *Kasowski*. While the Department might infer Washburn no longer wanted to speak with an attorney based upon his subsequent comments, the arresting officer did not understand Washburn's comments to recant his initial request. Rather, the arresting officer testified he understood Washburn's comments as possibly indicating Washburn's desire to speak with his father, his attorney, or both. This distinguishes *Kasowski*, where the arrestee had to suffer the consequence of the arresting officer's reasonable construction of his comments. *Id.* at ¶ 14.

Accordingly, the Department's reliance on *Kasowski* is misplaced and *Baillie* required the officers to afford Washburn a reasonable opportunity to consult with counsel, which did not occur.

[¶ 16] The Department further argues Washburn's request for counsel was ineffective because it occurred after the arresting officer deemed Washburn to have refused chemical testing and the request for counsel was unrelated to the decision of whether to submit to chemical testing. "Our purpose in adopting a bright-line rule was to avoid the need to engage in case-by-case consideration of" the circumstances surrounding a request to consult with counsel. *State v. Lee*, 2012 ND 97, ¶ 9, 816 N.W.2d 782. With its arguments, the Department invites a case-by-case determination of whether the arrestee made a request for an attorney before an officer deemed the arrestee to have refused to submit to chemical testing and whether the request for an attorney was related to the decision of whether to submit to chemical testing. Such inquiries necessarily require the problematic subjective determinations that served as the impetus for adopting the *Baillie* bright-line standard. We decline to undermine *Baillie* and the Department's arguments are misplaced.

### C

[¶ 17] Because we conclude the officers failed to abide by *Baillie* in not providing Washburn with a reasonable opportunity to consult with an attorney after he made a qualifying affirmative mention of an attorney, the Department could not revoke Washburn's driver's license based upon his refusal to submit to chemical testing. Accordingly, the district court erred in affirming the hearing officer's conclusion to the contrary. However, the district court's order reversed the hearing officer's revocation of Washburn's driver's license, albeit on alternative grounds. We decline to reach these alternative grounds because they are unnecessary to this decision and we "will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning." *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 40, 788 N.W.2d 312 (quoting *Sanders v. Gravel Products, Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826) (internal quotation mark omitted).

### III

[¶ 18] Washburn argues attorney's fees are warranted because the Department incorrectly revoked his driver's license and the Department acted without substantial justification with its revocation. The hearing officer denied Washburn's request for attorney's fees and the district court affirmed this conclusion. Under N.D.C.C. § 28–32–50(1), a court must award the prevailing party, other than the administrative agency, "reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, determines that the administrative agency acted without substantial justification." "An administrative agency's action has substantial justification when it has a reasonable basis in law and fact." *Dunn v. N.D. Dep't of Transp.*, 2010 ND 41, ¶ 21, 779 N.W.2d 628. Although the administrative hearing officer erred in concluding law enforcement complied with Washburn's right to have a reasonable opportunity to consult with counsel, the reasons set forth in its order provided a reasonable basis in both law and fact for its decision, rendering attorney's fees inappropriate in this matter.

### IV

[¶ 19] We do not address the other arguments raised because they are unneces-

sary to this decision. We affirm the district court's order.

[¶ 20] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.