2016 ND 38

**FRIENDS OF DUANE SAND—2012,**
Petitioner and Appellant

v.

**JOB SERVICE NORTH DAKOTA,**

and

Joseph Meyer, Respondents

Job Service North Dakota, Appellee.

No. 20150238.

Supreme Court of North Dakota.

Feb. 18, 2016.

Deborah J. Carpenter, Bismarck, N.D., for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for respondent and appellee Job Service North Dakota.

CROTHERS, Justice.

[¶ 1] Friends of Duane Sand 2012 appeals from a district court order denying a motion for reconsideration of a judgment affirming a Job Service decision that Friends of Duane Sand was an employing unit and that Sarah Mohler was an employee. Post-judgment motions under N.D.R.Civ.P. 59 and 60 are not applicable to a district court's review of an appeal from a Job Service decision, and we dis-

miss the appeal because Friends of Duane Sand has not timely appealed from the judgment affirming Job Service's decision.

## I

[¶ 2] Friends of Duane Sand was a political campaign committee formed for the 2012 election of Duane Sand as a United States Senator from North Dakota. Friends of Duane Sand ceased operation in June 2012, when Sand was defeated in the state primary election. In 2013 Job Service received an interstate request to investigate whether Friends of Duane Sand was required to pay unemployment insurance for Joe Meyer, a campaign worker who filed a claim for unemployment benefits in Minnesota. Friends of Duane Sand claimed its campaign workers were either independent contractors or volunteers and it was not subject to charges for unemployment insurance. After an investigation and a hearing, an administrative law judge determined Friends of Duane Sand was an employing unit, Meyer was an independent contractor and not an employee, and another campaign worker, Sarah Mohler, was an employee. Job Service declined to review the administrative law judge's decision.

[¶ 3] On appeal, the district court concluded the administrative law judge's determinations that Friends of Duane Sand was an employing unit and that Mohler was an employee were supported by the weight of the evidence. Notice of entry of a judgment was served on March 30, 2015. Friends of Duane Sand moved in the district court on May 20, 2015 for reconsideration under N.D.R.Civ.P. 59, or for relief from the judgment under N.D.R.Civ.P. 60. The court denied the motion, concluding Friends of Duane Sand was not entitled to seek relief under N.D.R.Civ.P. 59 and 60 in an administrative appeal and no statutory authority exists under N.D.C.C. ch. 28–32 or title 52 for the requested relief. Friends of Duane Sand appealed to this Court from the order denying its post-judgment motion.

## II

[¶ 4] Job Service moved to dismiss Friends of Duane Sand's appeal from the post-judgment order. Job Service argues no statutory authority exists for a motion to the district court for reconsideration in an administrative appeal. Friends of Duane Sand responds that a motion for reconsideration may be made in an agency decision timely appealed to the district court and claims "there does not appear to be anything in Rules 59 and 60 N.D.R.Civ.P. ... that would prohibit this avenue in an administrative case."

[¶ 5] In *Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶¶ 1, 14, 609 N.W.2d 445, we dismissed an appeal from a district court order denying a motion for reconsideration under N.D.R.Civ.P. 60(b), holding Rule 60(b) did not apply to the district court's review of an appeal from a decision by the Workers Compensation Bureau. We examined the interplay between the procedures for appeals from an administrative agency and the rules of civil procedure and explained:

"The right of appeal is governed by statute. *Davis v. State Job Service*, 365 N.W.2d 497, 499 (N.D.1985). The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, controls appeals of Bureau decisions to the district court. N.D.C.C. § 65–10–01. The Rules of Civil Procedure 'do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes.' N.D.R.Civ.P. 81(b). Thus, N.D.R.Civ.P. 60(b) would be applicable on an appeal

to district court from a Bureau decision unless Rule 60(b) is inconsistent with the statutory procedures. *See Lende v. North Dakota Workers' Compensation Bureau*, 1997 ND 178, ¶ 30, 568 N.W.2d 755; *Reliance Ins. Co. v. Public Service Commission*, 250 N.W.2d 918, 920–22 (N.D.1977).

"An appeal from an administrative agency to the district court invokes that court's appellate jurisdiction. *Gregory v. North Dakota Workers Compensation Bureau*, 1998 ND 94, ¶ 7, 578 N.W.2d 101. The scope of review and the procedure for appeals to district court from administrative decisions is set forth in N.D.C.C. § 28–32–19 [now codified at N.D.C.C. § 28–32–46]. . . .

"The appeal statute specifically limits a district court's appellate review to the administrative agency record filed with the court, and requires affirmance unless one of [the statutory] conditions is met. If the court does not affirm, the court is limited to modifying or reversing the decision, and remanding to the agency for appropriate disposition. Although N.D.C.C. § 28–32–18[, now codified at N.D.C.C. § 28–32–45,] allows a party to apply to the court in which an administrative appeal is pending for leave to adduce additional evidence, if leave is granted the court does not consider the additional evidence, but may only remand to the agency for the agency to consider the evidence. *See Flink v. North Dakota Workers Compensation Bureau*, 1998 ND 11, ¶ 21, 574 N.W.2d 784. The district court is forbidden from considering evidence which has not been presented to the administrative agency. *See Otto v. North Dakota Workers Compensation Bureau*, 533 N.W.2d 703, 705 (N.D.1995). Appeals to this Court are authorized only from '[t]he judgment of the district court in an appeal from an order . . . of an ad-

ministrative agency.' N.D.C.C. § 28–32–21[, now codified at N.D.C.C. § 28–32–49]. *See Center State Bank, Inc. v. State Banking Bd.*, 276 N.W.2d 132, 134 (N.D.1979).

"Rule 60(b) permits a party to move to set aside a judgment for various reasons, and provides courts with discretionary powers " 'to relieve the oppressed from the burden of judgments unfairly, fraudulently or mistakenly entered.' " *In re Estate of Jensen*, 162 N.W.2d 861, 873 (N.D.1968) (quoting *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (E.D.Wis.1956)). Rule 60(b) is remedial in nature, *United Accounts, Inc. v. Lantz*, 145 N.W.2d 488, 493 (N.D. 1966), and requires a court to balance the concept of res judicata and the very strong public policy concern for the finality of judgments against the desire to do justice. *Hamilton v. Hamilton*, 410 N.W.2d 508, 510 (N.D.1987). Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the challenged judgment because the rendering court will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from the judgment. 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2865, at pp. 377–78 (1995). Because the trial court ordinarily has presided over the proceedings leading to the challenged judgment and because of the trial court's fact-finding capabilities, we have said the trial court is in a much better position than an appellate court, which must rely on a cold record, to pass upon the issues presented in a Rule 60(b) motion. *See Buzzell v. Libi*, 340 N.W.2d 36, 41 (N.D. 1983).

"In view of the district court's purely appellate function in the administrative

process and the nature of a motion for relief from judgment, we conclude Rule 60(b) is inconsistent with the statutory appeal procedures of the Administrative Agencies Practice Act. Section 28–32–19, N.D.C.C., [now codified at N.D.C.C. § 28–32–46,] contains specific limitations on a court's powers of adjudicative disposition, and nothing in the statute grants a court the power to revisit its judgment. Applying Rule 60(b), which is a rule of trial procedure, to an administrative appeal, which invokes the court's appellate jurisdiction, is not only awkward in a theoretical sense, but would allow the court powers prohibited by the statute. A district court on a Rule 60(b) motion in an administrative appeal would become a trier of fact, could engage in a trial de novo, and could consider evidence which was not presented to the administrative agency, all of which are beyond the powers granted to the court by N.D.C.C. § 28–32–19[, now codified at N.D.C.C. § 28–32–46]. Relief similar to that afforded by Rule 60(b) is provided at the administrative fact-finding level by N.D.C.C. § 28–32–14, [now codified at N.D.C.C. § 28–32–40,] which allows a party to petition the administrative agency for reconsideration of a final order. *See Boger v. North Dakota Workers Compensation Bureau*, 1998 ND 131, ¶¶ 12, 18, 581 N.W.2d 463. We believe Rule 60(b) relief is no more appropriately sought in a district court exercising appellate jurisdiction than it would be in this Court when we exercise our appellate jurisdiction.

"Caselaw from other jurisdictions addressing this specific issue is sparse. We agree with the courts which hold a motion for relief from judgment under rules comparable to our Rule 60(b) is inapplicable to an administrative appeal. *See, e.g., Department of Corrections v.*

*Colbert*, 202 Ga.App. 27, 413 S.E.2d 498, 500 (1991); *Buchler v. Ohio Dept. of Commerce*, 110 Ohio App.3d 20, 673 N.E.2d 611, 612–13 (1996); *Garfield Hts. School Dist. v. Bd. of Education*, 85 Ohio App.3d 117, 619 N.E.2d 429, 432 (1992); *Giovanetti v. Ohio State Dental Board*, 66 Ohio App.3d 381, 584 N.E.2d 66, 67 (1990); 2 Am. Jur. 2d *Administrative Law* § 573 (1994); *but see Schaal v. Commissioner of Social Sec.*, 969 F.Supp. 822, 836 (N.D.N.Y.1996), *vacated on other grounds*, 134 F.3d 496 (2nd Cir.1998). We recognize that in *Vernon v. North Dakota Workers Compensation Bureau*, 1999 ND 153, ¶¶ 26–27, 598 N.W.2d 139, we affirmed on the merits the district court's denial of Rule 60(b) relief under circumstances similar to those in this case. However, applicability of Rule 60(b) relief was not raised as an issue in *Vernon*, and therefore, *Vernon* is not precedent for the proposition Rule 60(b) relief is available in an administrative appeal. *See United Pac. Ins. Co. v. Aetna Ins. Co.*, 311 N.W.2d 170, 174 n. 2 (N.D.1981). Lewis's reliance on *State by Workers Compensation Bureau v. Kostka Food Service, Inc.*, 516 N.W.2d 278 (N.D.1994), is misplaced because no administrative appeal was involved.

"We conclude Rule 60(b) is inapplicable to an administrative appeal to district court."

*Lewis*, at ¶¶ 7–13.

[¶ 6] Although *Lewis* involved a post-judgment motion under N.D.R.Civ.P. 60(b), the rationale of *Lewis* applies to a district court's appellate review of administrative decisions and post-judgment motions under both N.D.R.Civ.P. 59 and 60. *But see Drayton v. Workforce Safety & Ins.*, 2008 ND 178, ¶¶ 37–45, 756 N.W.2d 320 (Supreme Court review of district court's finding that WSI acted without

substantial justification in awarding attorney fees); *Tedford v. Workforce Safety & Ins.*, 2007 ND 142, ¶ 26, 738 N.W.2d 29 (Supreme Court reviews district court's decision whether agency acted with substantial justification for abuse of discretion). In *Lewis*, 2000 ND 77, ¶ 14, 609 N.W.2d 445, this Court dismissed the claimant's appeal from a district court order denying her Rule 60(b) motion made in connection with the district court's appellate review of the agency decision, concluding the "motion was, in effect, a nullity, and the trial court lacked the ability to entertain it." Here, the district court did not err in deciding under *Lewis* that no statutory authority provides for the relief requested in the context of the district court's appellate review of Job Service's decision and denied the post-judgment motion.

[¶ 7] "An appeal is not a matter of right but a creature of statute, and, therefore, no right to appeal exists unless authorized by statute." *Investment Rarities, Inc. v. Bottineau Cty. Water Res. Dist.*, 396 N.W.2d 746, 748 (N.D.1986). Section 28–32–49, N.D.C.C., authorizes a party of record in an administrative proceeding to appeal from a final district court judgment to this Court within sixty days after notice of entry of judgment in the district court. Because N.D.C.C. § 28–32–49 only authorizes appeals to this Court from a district court judgment entered after appellate review of an administrative agency decision, and because Friends of Duane Sand has appealed from the order denying its post-judgment motion and has not timely appealed from the district court judgment affirming the Job Service decision, the appeal is not authorized by statute.

III

[¶ 8] We dismiss the appeal.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.